## SUPREME COURT.

EDWARD M. BROWN, plaintiff, respondent agt. THE KINGS COUNTY FIRE INSURANCE COMPANY, defendants, appellants.

Where papers containing *preliminary proofs* of loss by fire are served on and received by the insurance company, without objection, it is too late for the company *on the trial*, to object that these preliminary proofs were defective and insufficient; especially so where the loss, when it became payable, was refused to be paid on the ground alone that the risk had been increased.

Where the defendants by their policy, insured the plaintiff against loss or damage by fire, on *his stock of drugs, chemicals and other merchandize,* " *hazardous* and extra hazardous,"

*Held,* that the policy did not become void, nor the defendants non-liable, by reason of the plaintiff placing to warm upon a stove upon the premises about *five gallons of an inflamable compound, called ointment,* by reason of which the fire was occasioned.

It is usual for druggists to mix various kinds of ointment and to melt it on their stoves, as was done in this case ; and the insurers must be deemed to be acquainted with the business and to have included it in the risk.

If the risk had not been increased within the spirit of the conditions so as to avoid the policy, then it is no defense that the plaintiff might have been more careful in the management of a business which the policy permitted him to carry on.

*New York General Term November,* 1865.
*Before* INGRAHAM, P. J. ; LEONARD *and* BARNARD, *Justices.*
APPEAL from judgment at special term.

PROVOST & FISHER, *for appellants.*
· STUART & VAN LOON, *attorneys, and*
SIDNEY H. STUART, JR., *counsel for respondents.*

The motion to dismiss the complaint, was properly denied.
I. If the preliminary proofs were not sufficient, the pro-

vision requiring them being for the benefit of the defendants, by omitting to object to them, they waived all right to insist on the defects.

1. They received the verified proofs first furnished, without objecting to the absence of a notarial or magistrate's certificate, or to any other defect, and never apprised the plaintiff that they desired more minute information. This was a waiver of all defects in the preliminary proofs. (*Bumstead* agt. *Dividend Mutual Insurance Co.* 2 *Kern. R.* 81, 97, 99 ; *Bodle* agt. *Chenango Mutual Insurance Co.* 2 *Comst. R.* 53, 57 ; *O'Niel* agt. *Buffalo Fire Insurance Co.* 3 *Comst. R.* 128, 129 ; *Clark* agt. *N. E. Insurance Co.* 6 *Cush. R.* 345 ; *Underhill* agt. *A. Insurance Co.* 6 *Cush. R.* 445.)

2. The preliminary proofs were prepared under the instructions of one of the clerks of the defendants (*Bodle* agt. *Chenango Mutual Ins. Co.* 2 *Comst. R.* 53, 58).

3. The inventory, books and papers of the plaintiff, were left with the defendants, and returned to the plaintiff without objection. No objection was made to the account rendered to the defendants by the plaintiff, although two or three months elapsed before payment was demanded. All defects were thereby waived (*Same case*).

4. A personal inspection or the premises was made by the secretary, inspector and agent of the defendants, none of whom objected to the sufficiency of the preliminary proofs.

5. A defect in the preliminary proofs not having been pointed out at the time they were presented, so that the defect might have been supplied, any subsequent objection was offered too late. (*O'Niel* agt. *Buffalo Fire Insurance Company*, 3 *Coms. R.* 122, 128 ; *Bodle* agt. *Chenango Mutual Insurance Company*, 2 *Coms. R.* 58.)

6. The defendants, having based their refusal to pay the loss on another ground, namely, that the risk had been increased, they thereby waived all objection to the sufficiency of the preliminary proofs. (*Bumstead* agt. *Dividend Mutual Insurance Company*, 2 *Kern. R.* 97, 99 ; *O'Niel* agt. *Buffalo Fire Insurance Company*, 3 *Comst. R.* 128 ; *Etna Fire Insu-*

rance Company agt. Tyler, 16 Wend. R. 402 ; 2 E. D. Smith, 286.)

7. The defendants having failed to object to the sufficiency of the preliminary proofs, before the commencement of the action, their conduct would operate as a fraud on the plaintiff, if the defense is upheld. Good faith on the part of the defendants required that, if they meant to insist upon a formal defect in the preliminary proofs, they should have apprised the insured of the nature of the objection, so as to give him an opportunity of supplying the defects, and their neglect to do so must be taken as a waiver of the defects. (O'Niel agt. Buffalo Fire Insurance Company, 3 Comst. R. 128 ; Bodle agt. Chenango Mutual Inswrance Company, 2 Comst. R. 58 ; Clark agt. New England Insurance Company, 6 Cush. R. 345 ; 6 Haw. & Johns. 408, 410, 412.)

II. The defendants having, under the policy, insured the plaintiff against loss or damage by fire on his stock of drugs and chemicals, the plaintiff had a right to use, keep on hand, compound and manufacture all such articles as were necessary, or employed by him in his business as a druggist.

1. This is true, although the use or keeping of such articles was prohibited by the printed terms of the policy as extra hazardous. (Bryant agt. Poughkeepsie Mutual Insurance Company, 3 Smith R. 200 ; Harper agt. Albany Mutual Insurance Company, 3 Smith R. 197.)

2. The insurance upon the plaintiff's stock as a druggist, in the specified building, authorized the plaintiff to make drugs and medical compounds in the building, though drug making was classed as extra hazardous in the conditions of the policy. (Wall agt. Howard Insurance Company, 14 Barb. R. 383, affirmed in Court of Appeals, December, 1854.)

3. The term "stock of drugs," in the policy, includes, besides materials, all compounds and mixtures of drugs necessary to the plaintiff for carrying on his business as a druggist. (1 Phillips on Insurance, § 489.)

4. The plaintiff was, at the time the loss occurred, engaged in preparing an article, previously manufactured by him, necessary as a part of his stock of drugs, and used by him

in his business as a druggist, and, consequently, the risk was not increased. The insurers must be supposed to have known what was the nature of the risk they had undertaken when they insured the plaintiff as a druggist, and in issuing the policy they must be deemed to have included all such materials and manufactures as the compound prepared by the plaintiff in the risk. (*Harper* agt. *Albany Mutual Ins. Co.* 3 *Smith R.* 197.)

5. That they did so is proven by the fact that the plaintiff was insured on his "stock of drugs, chemicals and other merchandise, *hazardous and extra hazardous*," and by the fact that they demanded and received the premium deemed by them adequate to the risk. (*Duncan* agt. *Sun Fire Ins. Co.* 6 *Wend. R.* 488.)

6. Even though the risk be held to have been increased by the act of the insured in the preparation of a medical compound as a part of his stock, still, inasmuch as the provisions of the policy were not violated, the insurers are liable. (*Stebbins* agt. *Globe Ins. Co.* 2 *Hall*, 632 ; *Billings* agt. *Tolland County Ins. Co.* 20 *Conn.* 139 ; *Young* agt. *Washington County Mutual Ins. Co.* 14 *Barb. R.* 545.)

III. Granting, for the sake of the argument, what we deny as a fact, that the plaintiff was guilty of negligence, still, that is no defense to this action. In the absence of fraud, the proximate cause of the loss is only to be looked at, and hence a loss within the policy, though occasioned by the negligence of the insured, is covered. (*Gates* agt. *Madison County Mutual Ins. Co.* 1 *Seld. R.* 478, *and the cases there cited ; Matthews* agt. *Howard Ins. Co.* 1 *Kern. R.* 14.)

IV. The evidence shows that the plaintiff used all possible care in the preparation of the mixture; that the mixture had *previously been manufactured,* and that the plaintiff was only engaged in preparing it for boxing; that it was heated in a vessel called a water bath, such as is ordinarily used by druggists for heating their compounds; that the vessel was not more than two-thirds full; that the mixture was not combustible, and that but for an unforeseen and unavoidable accident, namely, the breaking of the stove upon which the

mixture was being heated, no fire, and consequently no loss, would have taken place.

V. The judgment should be affirmed.

*By the court,* BARNARD, J.   The objection taken upon the trial, that the certificate of the justice or notary did not accompany the preliminary loss of papers, was waived by the defendants' failure to object in time.   The papers served were not only received without objection, but, when the loss became payable, the refusal to pay was upon the specific ground that the defendant " did not insure a ship chandler's shop," meaning that the risk had been increased, and upon this ground only.   It it is too late, now, to take any other. The defendant makes this objection also, upon the trial, that the policy became void by reason of the plaintiff placing to warm upon a stove, upon the premises, about five gallons of an inflammable compound, called ointment, by reason of which the fire was occasioned.   The policy covers " stock of drugs, chemicals and other merchandise, hazardous and extra hazardous."   The evidence clearly shows that it is usual for druggists to mix various kinds of ointment and to melt it on their stoves, as this was done, to put in boxes for sale and use.   The insurers must be deemed to be acquainted with the business and to have included it in the risk (*Harper* agt. *Albany Ins. Co.* 3 *Smith R.* 194).   The question of fact found, that the risk was not increased by the heating of this mixture beyond what is fairly contemplated by the policy and conditions, is fully supported by the evidence.   In the absence of fraud, then, the insurance is against loss by fire. If the risk had not been increased within the spirit of the condition, so as to avoid the policy, then it will be no defense that the plaintiff might have been more careful in the management of a business which the policy permitted him to carry on (*Gates* agt. *Madison Co. Mutual Ins. Co.* 1 *Seld. R.* 478).   The letter of the plaintiff was properly admitted, the proof being furnished by plaintiff that it reached defendants' company.   It is true, the defendants' officers deny this, but it must all go to the jury.   If the jury believe plaintiff, the

Brown agt. The Kings County Fire Ins. Co.

letter is evidence. The evidence of what the defendants' president would charge for a risk like the one in question was properly rejected. The policy is not to be construed by what the defendant would charge for permission to insure to do as plaintiff did. The question was, did the act done increase the risk beyond the fair intent of the policy? It was proved directly by defendant that it did not increase the risk.

Judgment affirmed, with costs.