UNITED STATES TEL. CO. (UNITED STATES v.). See Case No. 16,603.

UNITED STATES WIND-ENGINE & PUMP CO., In re. See Case No. 13,783.

UNIVERSAL LIFE INS. CO. (McKENTY v.). See Case No. 8,854.

UNNA (SELZ v.). See Case No. 12,650.

## Case No. 16,795.

### UNTHANK v. TRAVELERS' INS. CO.

[4 Biss. 357; [1] 5 Bigelow, Ins. Cas. 114.]

Circuit Court, D. Indiana.   June, 1869.

ACCIDENT INSURANCE—WAIVER—EVIDENCE.

1. Where, by a policy, the defendant insured the plaintiff against bodily injuries arising by violence and accident, under this condition, that in case of such injury to the insured during the life of such policy, he should give the insurance company forthwith, by letter addressed to the company at Hartford, a notice stating the nature and extent of the accident and injury; and where, on the happening of the same, he omitted to give such notice,—*held*, that, where, on receiving proof of the injury by violence and accident, the company examined the proofs, and refused to pay the policy on other grounds than the omission to give such notice, the condition of the policy requiring such notice was thereby waived; and that, the other necessary facts being proved, the insured was entitled to recover on the policy.

[Cited in Timayenis v. Union Mut. L. Ins. Co., 21 Fed. 227.]

2. A letter offering to compromise, but containing a waiver, may be read in evidence, not to prove the offer, but to establish the waiver.

[This was an action by William Unthank against the Travelers' Insurance Company of Hartford, Conn., upon an accident insurance policy.]

Martindale & Tarkington, for plaintiff.

Collin, Bills & Howland, for defendant.

McDONALD, District Judge. This is an action of assumpsit on a policy of insurance. The defendant has pleaded the general issue; and pursuant to the act of congress on the subject, the parties waive a jury, and submit the trial of the issue to the court. 13 Stat. 501. The policy, among other things, provides that, if the insured should sustain bodily injuries by violent and accidental means, which should immediately and totally disable and prevent him from the prosecution of any and every kind of business, then, on satisfactory proof of such injuries, he should be indemnified against loss of time in a sum not exceeding twenty-five dollars per week for such period of continuous, total disability as shall immediately follow the accidents and injuries aforesaid—not exceeding twenty-six weeks from the time of the accident.

On this provision of the policy the present action is brought. And the declaration charges that, during the existence of the

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

policy, the insured was engaged in the business of a horsetrader; and, having occasion to take a drove of horses to market, on his journey for that purpose, the horses taking fright, he was violently thrown from the horse he was riding, and thereby sustained such bodily injuries as immediately and totally disabled and prevented him from the prosecution of any kind of business for twenty-six weeks.

The evidence abundantly sustains these allegations in the declaration.

But the defendant insists that, on the evidence adduced, the plaintiff cannot recover, because he has failed to prove the notice required by the policy; and this is really the only point of any difficulty in the case.

One of the conditions contained in the policy is, that, in the event of injuries for which claim may be made under the policy, the insured should immediately thereafter give notice in writing, addressed to the Travelers' Insurance Company, Hartford, Connecticut, stating the full name, occupation, and address of the insured, with full particulars of the accident and injury. And it does not appear by the evidence that such a notice was given. There is indeed proof that, as soon as the plaintiff became aware of the nature of the injury, which was hernia, he applied to the defendant's examining physician, who ascertained the nature and extent of the injury, and who, at the request of the plaintiff, in writing notified the local agent of the defendant, then residing in the plaintiff's neighborhood, of the time, nature, and extent of the injury. And it is also proved that immediately after the discovery of the nature and extent of the injury, the plaintiff did, at the request of said local agent, forward to a branch office or agency of the insurance company at Chicago, the specifications and proofs of the injury in due form as required by the policy. And there is much plausibility, if not good reason, for the conclusion that this was a substantial performance of the condition touching the notice contained in the policy.

But the plaintiff's counsel seem disposed to rest this question concerning notice on another ground. They insist that there has been a waiver by the defendant of the necessity of the notice in question. This alleged waiver stands on a letter addressed to the plaintiff by the local agents of the insurance company. This letter was written after the aforesaid specifications and proofs had been forwarded to, and examined by, the defendant's branch office or agency at Chicago. The letter is as follows:

"Richmond, Ind., April 5, 1869. William Unthank, Spiceland, Ind.—Dear Sir:—We have just received the decision of the Travelers' Accident Company on your case. It is as follows: They agree to pay you for four weeks' compensation, which would be for a length of time in which they claim the rupture would be cured as well as it

ever would be. They offer this amount as a compromise; for the company does not admit that you have established the fact that the rupture was caused by the accident referred to in your proofs sent them. Shall we send and get the money—$100—for you? Let us hear at once. Truly, Coggshall & Doan."

The defendant has objected to this letter as evidence, on the ground, as is argued, that it is a mere offer to compromise, which was not accepted. It is certainly true that a mere offer to compromise, not accepted, is inadmissible as evidence. But if an offer to compromise is connected with other matters important as evidence in the same letter, the whole letter may be read in evidence. Thus an offer to compromise accompanied by an admission of an item of indebtedness, is admissible in evidence to prove that item. 1 Greenl. Ev. § 192. And so, no doubt, if the offer to compromise is accompanied by a waiver, it may be given in evidence, not to prove the offer, but to prove the waiver. To establish the latter, I think the letter in question is admissible in evidence.

But is this letter sufficient evidence that the defendant has waived the right to insist on the notice as a condition precedent? In this letter, the objection to the payment of the whole claim, as well as the denial of liability to pay any part of it, was not made on the ground that the proper notice had not been given, but solely on the ground that the total inability on the part of the plaintiff to perform any kind of business continued only four weeks after the accident, and that the proofs furnished by the plaintiff to the defendant did not establish the fact that the injury of which the plaintiff complained was the result of the accident to which he attributed it. We may perhaps well ask, if the defendant was disposed to resist the payment on the ground that the formal notice had not been given, why was not this objection noticed in the letter? And why did the company make the "decision" mentioned in the letter on other grounds than the want of notice, as it seems was done? And may we not here well apply the maxim that "Expressio unius est exclusio alterius"?

In Bodle v. Chenango Co. Mut. Ins. Co., 2 Comst. [2 N. Y.] 53, where, by the terms of a policy of insurance, the insured was required within thirty days after a loss to transmit to the secretary of the company a particular account of such loss, and where a defective account of the loss was transmitted, and the company at the time made no objections on that ground, the objection, being raised afterwards, was held to be waived.

It has been held in Connecticut that where an agent of an insurance company was acting for it in the case of a loss, he might by a waiver bind his company as to the omission to furnish preliminary statements of the loss. Rathbone v. City Fire Ins. Co., 31 Conn. 193.

In Brown v. Kings County Fire Ins. Co., 31 How. Prac. 508, it was held that where papers containing preliminary proofs of loss by fire are served on, and received by, the insurance company, without objection made at the time, it is too late at the trial for the company to object that these preliminary proofs were defective; especially so when the company had before suit refused payment on the ground alone that the risk had been increased after the policy was executed. To the same effect are the following cases: Sexton v. Montgomery Co. Mut. Ins. Co., 9 Barb. (N. Y.) 191; Clark v. New England Mut. Fire Ins. Co., 6 Cush. 342; Francis v. Ocean Ins. Co., 6 Cow. 104; Columbia Ins. Co. v. Lawrence, 10 Pet. [35 U. S.] 507; Tayloe v. Merchants' Fire Ins. Co., 9 How. [50 U. S.] 390.

It appears to me that Chancellor Walworth has put the doctrine of waiver, applicable to cases like the one under consideration, on the true basis. He says that "good faith on the part of the underwriters, requires that, if they mean to insist upon a mere formal defect of this kind in the preliminary proofs, they should apprize the assured that they consider the same defect in that particular, or to put their refusal to pay on that ground as well as others, so as to give him the opportunity to supply the defect before it is too late; and if they neglect to do so, their silence should be held a waiver of such defect in the preliminary proofs, so that the same shall be considered as having been duly made according to the conditions of the policy." Aetna Fire Ins. Co. v. Tyler, 16 Wend. 385. This is the honest doctrine; and its principle is fully applicable to the case at bar. And in view of all these authorities, as well as with a proper view to what is just, and right, and fair, I do not hesitate to hold that the defendant has waived all objection for the omission to give the notice required in the policy.

Accordingly, I find the issue for the plaintiff, and assess his damages at six hundred and seventy-three dollars.

NOTE. In a recent case in this Northern district of Illinois—Cahill v. Andes Ins. Co. [Case No. 2,289], 1873—Blodgett, J., held that where an insurance company claimed cancellation of a policy, on the ground of the non-payment of the premium, and placed their refusal to pay the loss on that ground, they are estopped from afterwards, when sued on the policy, setting up a different ground of defense. This rule was also laid down in Harding v. Parshall. 56 Ill. 219.