JOHN CALHOUN, plaintiff in error, v. BELA C. WEBSTER and VIRGIL HICKOX, defendants in error.

*Error to Sangamon.*

Where more than a term intervenes between the test and return day of original process, the writ is a nullity. Where a summons was issued on the 6th of November, 1839, and made returnable " at the next term to be holden on the third

Monday of November *next*," and at the November term, 1839, a judgment was rendered by default, it was reversed on error.

J. B. THOMAS, for the plaintiff in error.

A. CAMPBELL, for the defendants in error, contended that the summons to the defendant in the Court below, was sufficient under the laws of this State. That the defendant was bound to know when the "next term" of the Court would be holden, as the time is fixed by the law of the State ; and no person can plead ignorance of the law. That the summons having been made returnable "on the first day of the next term," all in addition, with regard to the time when returnable, may be rejected as surplusage. R. L. 487. (1)

LOCKWOOD, Justice, delivered the opinion of the Court : (2)

It appears from the record in this case, that the summons was dated the 6th Nov. 1839, and returnable at the next term, to be holden on the third Monday in the month of November next. The process was served on the defendant, on the 7th of November, 1839, and judgment was taken by default, at the November term, 1839, which was holden on the third Monday of said month. The only question is, whether this judgment was regular.

It has repeatedly been held, that where more than a term intervenes between the test and return of original process, the writ is a nullity. (3) The writ being absolutely void, the cause is out of Court. It was consequently irregular to enter judgment by default. The judgment is reversed with costs.

*Judgment reversed.*

*Note.* See Beaubien *v.* Barbour, 1 Scam. 386.

(1) Gale's Stat. 529.
(2) Smith, Justice, was not present at the argument of this cause.
(3) 2 Johns. 190 ; 3 Wilson 341; 2 Blac. R. 845.