THE GREAT WESTERN INSURANCE COMPANY, Plaintiff in Error, *v.* NICHOLAS STAADEN, Defendant in Error.

### ERROR TO COOK.

Where the preliminary notice and proofs under a policy of insurance, when presented to the representative of an insurance company, are received without objection, and remain in his possession for several weeks, without notifying the insured that a formal defect will be availed of, it will be held that such objections have been waived by the insurers.

If the certificate required from the nearest notary is given to C. Staaden when the policy is to Nicholas Staaden, it will be fatal unless the mistake shall be cured by proper averments.

The want of a seal to such a certificate will probably be cured by a verdict.

THERE was a judgment for the plaintiff in the Circuit Court for $1,500 debt, and $145.50 for damages.

The facts of the case are stated in the opinion of the court.

A. W. WINDETT, for Plaintiff in Error.

MONROE & SPENCER, for Defendant in Error.

BREESE, J. The question presented by this record, is one of importance, not only to insurance companies, but to the insured, who are now a numerous class in this State, and ought to be advised of their obligations under a policy like the one before us. This policy, we believe, does not differ essentially in the conditions mutually imposed, in regard to losses by fire, from those of other insurance companies in this State, and elsewhere.

Considering the vast number of frauds to which insurance companies are exposed, it is not surprising they should take all reasonable precautions to protect themselves against them, and for that purpose, advertise the public of the terms on which they will enter into a contract of insurance. Those terms are scanned, and if satisfactory, parties will contract, well knowing they are to be bound by them if not waived. This company adopted the precaution contained in the ninth clause of the policy, and on which this controversy arises. It is as follows:

"IX. Persons sustaining loss or damage by fire, are forthwith to give notice thereof in writing to the company, and as soon after as possible, they shall deliver to the actuary as particular an account of their loss and damage as the nature of the case will admit, signed with their own hands, and they shall accompany the same with their oath or affirmation declaring the said account to be true and just; showing also whether any and what other insurance has been made on the same property, giving a copy of the written portion of the policy of each company, what was the whole cash value of the subject insured, what was the interest therein, in what general manner (as to trade, manufactory, merchandise, or otherwise) the building insured, or containing the subject insured, and the several parts thereof, were occupied at the time of the loss, and who were the occupants of such building, and when and how the fire originated, so far as they know or believe, and whether or not the risk had been increased since insurance by any means whatever in the control of the insured or otherwise. They shall also produce a certificate under the hand and seal of a magistrate, or notary public, (most contiguous to the place of the fire and not concerned in the loss as a creditor or otherwise, or related to the insured or sufferers), stating that he has examined the circumstances attending the fire, loss or damage alleged, and that he is acquainted with the character and circumstances of the insured or claimant, and that he verily believes that he, she or they have, by misfortune, and without fraud or evil practice, sustained loss or damage on the subject insured, to the amount which such magistrate or notary public shall certify. A copy of the written portion of the policy shall be given in the affidavit of the claimant."

In the declaration on this policy, the plaintiff averred that forthwith, after said loss, etc., he gave notice in writing to said company, and as soon as possible, viz., July 12, 1858, delivered to the actuary of said company, as particular an account of said loss and damage as the nature of the case would admit, signed with his own hand, accompanied with his affidavit, declaring said account to be true and just, and showing whether any and

24

what other insurance had been made on said property, giving a copy of the written portion of said policy; what was the whole cash value of said property; what was plaintiff's interest therein; in what general manner said insured building, and the several parts thereof, were occupied at the time of said loss; who were the occupants thereof; when and how the fire originated, so far as he knew or believed; and whether or not the risk had been increased since insurance, by any means whatever, in plaintiff's control or otherwise.

Plaintiff avers, that after said fire, as soon as possible, to wit, July 6th, 1858, he furnished defendants with a certificate of Wm. H. Stickney, a magistrate then and there living, and doing business in Chicago, very contiguous to the place of said fire, and who was also, then and there, a notary public, whose office was more contiguous to said fire than that of any other notary, and who was not concerned in said loss, or a creditor, or otherwise, and not related to the said insured, or to the sufferers from said fire; and that the said magistrate and notary public, Wm. H. Stickney, certified by said certificate, that he was acquainted with the character of the said plaintiff; that he had made diligent inquiry into the facts set forth in said account and affidavit of the said plaintiff, and that he verily believed that C. Staaden had, by misfortune, without fraud or evil practice, sustained loss by said fire to the amount mentioned in the said affidavit.

Plaintiff further avers, that he handed in the said preliminary proofs heretofore, to wit, on the 12th day of July, 1858, at Chicago, which proofs were received without objection by said company, and retained by them without calling on said plaintiff for other or further proof, for a long space of time, viz., six weeks.

The plea was *nil debit*.

It is contended by the insurance company, that clause nine is a condition precedent, and a strict performance of it must be averred, and for want of such averment, the declaration is insufficient and the judgment should be reversed.

The whole question arises upon the declaration, no evidence being preserved.

Is clause nine, a condition precedent, to be strictly performed by the assured, before he can recover, and so understood by the parties to the contract? for their intention in this, as in all other contracts, must prevail. Was it their intention that the assured should recover for a loss, provided there was no fraud on his part, without holding him to the very certificate specified in the clause, as proof thereof?

We have examined the cases cited for the company, no argu-

ment or authorities having been presented by the defendant in error.

The leading case on this point is that of *Worsley* v. *Wood and others, assignees of Lockyer and Bream, bankrupt,* 6 Durnford and East, 710. In that case it was stipulated in the printed proposals of the Phœnix Insurance Company, which the court considered as a part of the policy, that persons insured shall give notice of the loss forthwith, deliver in an account and procure a certificate of the minister, church wardens, and some reputable householders of the parish, not concerned in the loss, importing that they knew the character, etc., of the assured, and believe that he really sustained the loss, and without fraud or evil practice.

In the declaration by the assured, in the common pleas on this policy, it was averred that they procured and delivered to the company a certificate, under the hands of four reputable householders of the parish, to the effect required in the printed proposals, and applied to the minister and church wardens of the parish to sign such certificate, but that they, without any reasonable or probable cause, wrongfully and unjustly refused, and have ever since refused to sign it. There was an issue made up on this averment, that they did not wrongfully refuse to sign the certificate, and found for the plaintiff, and damages assessed to three thousand pounds.

On being brought by writ of error into the King's Bench, it was assigned for error that the declaration, replication, and other pleadings of the plaintiff below, were not sufficient in law to maintain the action.

The principal question made was, whether this certificate of the minister, church wardens, etc., was a condition precedent to the right of the plaintiff to recover. The court, Lord Kenyon, Ch. J., were unanimously of opinion that the production of such certificate was a condition precedent, and that a party who had not complied with the condition could not substitute other terms or conditions in lieu of those which all the parties to the contract had originally made. They say it was competent for the insurance office to make the stipulations stated in their printed proposals—they had a right to say to individuals who were desirous of being insured, that to avoid imposition, we will require that the minister, church wardens, and some of the reputable inhabitants of your parish, shall certify that they believe the loss happened by misfortune, and without fraud, otherwise we will not contract with you at all. If the assured say they have no control over those persons, and they may obstinately refuse to certify, the answer of the insurers would be, we will not stipulate with you on any other terms—that it is perfectly immate-

rial whether the assured have entered into an improvident contract or not, if they choose to take the burden upon themselves, they cannot call on the insurance office until they have complied with the condition; it is a condition precedent, and the assured engaged, at all events, to procure the certificate before they applied to the office for indemnity. To protect it from fraud, the insurance company had the right to insist on a certificate from persons, who, from their position in life, were not likely to assist in the commission of such frauds, and as the plaintiffs did not produce that certificate, they could not maintain their action. That although the minister and church wardens were not bound to certify, yet the assured undertook to procure such a certificate. If a person undertakes for the behalf of a stranger, that act must be done before an action can be maintained.

The ruling in this case has been followed by courts in this country. In *Leadbetter* v. *The Etna Insurance Company*, 13 Maine, 267, the court say that this preliminary proof which the assured agrees to produce, is a condition precedent to his recovery. It is a condition fairly and rightfully imposed, fully accepted, and made a part of the policy.

In *Dawes* v. *The North River Insurance Company*, 7 Cowen 465, the court say, in cases of this kind great strictness is required; and the plaintiff cannot recover without a literal compliance with the conditions.

In the case of *The Protection Insurance Company* v. *Pherson*, 5 Indiana, 417, the same doctrine was maintained. In that case, which was assumpsit, the defendant pleaded that the plaintiff had failed to procure the certificate of a magistrate or notary, as required by the eighth condition of the policy, which is, in most respects, identical with the ninth in this case. The court was of opinion that the company was not bound to pay unless the specified certificate had been obtained by the assured, from the nearest magistrate, which not having been done, the plaintiff could not recover.

In the case of *The Columbian Insurance Company* v. *Lawrence*, 2 Peters, 49, Chief Justice Marshall said, the certificate is, by one of the rules which form conditions of the policy, declared to be an indispensable requisite, without which the assured could not recover. The certificate there required was the same as in this case, only that it was not required to be from the magistrate or notary most contiguous to the premises.

That case differs from the one before us in this, that the certificate required is not made by the terms of the policy an indispensable requisite to payment and recovery.

This is the doctrine of the books, but we do not feel called

upon to express our assent or dissent to it, since even though a strict and literal performance of a condition precedent be required, we consider, in this case, that the company had waived a compliance with it.

These preliminary proofs, when presented by the assured to the agent of the company, were received without objection of any kind, and they remained in their possession for six weeks. Such is the averment in the declaration, and it is not denied by plea. Now we hold that good faith, and the principles of fair dealing, required that the company, if intending to insist upon the formal defect in this proof, should, in a reasonable time, have notified the assured, so that the defect might have been remedied. This they did not do. They neither objected to paying on the ground of this defect, nor did they notify the assured that his proof was defective, for six weeks, and therefore they ought to be considered as having waived it.

In *O'Neil* v. *The Buffalo Fire Insurance Co.*, 3 Comstock, 122, in a case like this, where the assured produced the certificate of a magistrate residing near, but not nearest to the premises consumed, and the insurers objected to paying the loss, but not on that ground, the court held that they had waived that objection; and held that a formal defect in the preliminary proofs must be pointed out at the time they are presented, so that the defect may be supplied—otherwise, the objection will come too late. See also *Etna Ins. Co.* v. *Tyler*, 16 Wendall, 385.

We think there was a complete waiver in this case, of the specific certificate, for we must assume the averment that the company retained the proofs six weeks without making any objection to them, was proved on the trial, but it was not controverted. There is, then, sufficient to sustain the judgment on the motion to arrest.

There is, however, one objection which must reverse this judgment. The suit is brought by Nicholas Staaden, and the certificate described in the declaration, was to a different person, to one C. Staaden, thus showing affirmatively, that it was not the certificate called for in the policy. The want of a seal to the certificate, we are inclined to think would be cured by the verdict. There is no averment in the declaration that C. Staaden, and the plaintiff, Nicholas Staaden, are one and the same person.

The judgment is reversed and the cause remanded, with leave to the plaintiff below to amend his declaration.

*Judgment reversed.*