60   521
36a 546

HOME MUTUAL FIRE INSURANCE CO., OF CHICAGO,

*v.*

GEORGE HAUSLEIN.

1. INSURANCE—*policy—condition—violation of.* A policy of insurance contained a condition that, in case of any sale, transfer or change of title, the insurance should be void and cease, unless assented to by the company; afterward the assured assigned the policy, with the assent of the company, to a mortgagee, and afterwards the assured sold the property to three persons, one of whom re-conveyed to him, and the other two executed mortgages to secure the purchase money: *Held,* that the assignee took the policy subject to the conditions it contained, and his equities confer no right. If the assignor has lost all right of recovery, by violating the conditions of the policy, the assignee occupies the same position.

2. It was a change of title in the property. The assured had agreed that he would not change the title to the property, and if he did, the insurance should cease, and when the condition was violated, the policy became void. Nor did the memorandum that the loss, if any, should be paid to the assignee as his interest might appear, change the rights of the assignee.

3. PARTIES—*interest—legal rights.* The assured, who held the legal title, could not sue, because he had broken the condition of the policy. The assignee could not sue because he was not originally a party to the contract. The assignment could only pass an equitable interest, and he could not sue in his own name for a breach.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Messrs. SLEEPER & WHITON, for the appellants.

Messrs. DENT & BLACK, for the appellee.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

The effect upon the policy, caused by the alienation of the property insured, is the only question argued.

One of the conditions of the insurance, made a part of the policy, was that, "in case of any sale, transfer or change of title in the property insured by the company, the insurance shall be void and cease."

The title of the assured to the property, at the date of the policy, is not questioned; and the assignment to Seibert, the mortgagee, was made with the assent of the company.

After the execution and delivery of the policy and the making of the assignment, the assured sold and conveyed the property to three other persons. One of them re-conveyed to him, and the other two executed to him mortgages to secure the purchase money.

At the time the insurance was effected, the assured was the absolute owner; at the time of the fire he owned one-third, and was mortgagee of two-thirds, of the property.

It has been fully settled by this court, that the assignee of a policy takes it subject to the conditions expressed upon its face; and his equities confer no right, if the assignor has lost all right of recovery by a violation of any of the terms or conditions of the policy. *Ill. Mu. Ins. Co.* v. *Fix,* 53 Ill. 151.

When the assignment was made, the assignee knew of the condition in the policy providing for forfeiture in the event of alienation, and his rights must be controlled thereby. His

position is identical with that of the assured, so far as the terms of the contract must govern the rights of the parties.

There was, unquestionably, a *change of title* in the property. The absolute ownership of the entire property is easily distinguished from the ownership of one-third and a mortgage of two-thirds. The interest, at the time of the insurance, and at the time of the loss, was not the same.

The insured became a member of a mutual company, and contracted that he would not make a sale of the property insured, or change the title; and that if he did so, the insurance should cease. The condition is plain, and we must interpret the contract according to the intention of the parties, to be gathered from the language employed.

Section fifteen of the charter of the company, which was printed on the back of the policy, provided, in as absolute terms as the conditions of the policy referred to, that the policy should be void upon any alienation, by sale of the property or otherwise.

There can be but one conclusion, that, by the act of the insured, the policy became void. *Dix* v. *Mercantile Ins. Co.* 22 Ill. 272; *Hartford Fire Ins. Co.* v. *Ross*, 23 Ind. 179; *Finley* v. *Lycoming Mu. Ins. Co.* 30 Penn. 311; *Tittmore* v. *Vermont Mu. Ins. Co.* 20 Vt. 546.

But it is contended that the memorandum, that the loss, if any, should be payable to the assignee, as his interest might appear, shows that his interest was intended to be protected, and that there was no sale or change of title affecting the interest of the assignee.

The insured can not sue, because he has so acted as to forfeit the policy. The assignee can not sue, for he was not a party to the contract originally. In its nature, the policy was only assignable so as to pass an equitable interest to the assignee. Even, as in this case, where the assignment was made with the consent of the company, the assignee can not sue for a breach, in his own name. *Jessel* v. *Williamsburg Ins. Co.* 3 Hill, 88.

The assignment was made with the consent of the company, but the condition of forfeiture upon alienation, without the consent of the company, was still applicable to the assignee as well as to the insured. The company did not waive the effect of the breach of the condition.

The insured testified that he thought that he informed the secretary of the company of the sale after it had been made, and that he would bring the policy and have it transferred to the purchaser, and the secretary replied, "All right."

The secretary testified positively that he never heard of the sale until after the loss. The weight of testimony is decidedly in favor of the company, that no information of the alienation was communicated to its officers. The insured had no distinct recollection of the fact, and he certainly would have remembered if the communication had been made.

But this information, if given, was not a compliance with section fifteen of the charter. That section made the policy void, upon alienation, and required its surrender to the company; but it was provided that the grantee, or alienee, to whom it may have been assigned, might have it confirmed, with the consent of the directors, within thirty days after the alienation, by giving security, to their satisfaction, for the payment of the unpaid premium note.

The policy was forfeited, as to the insured party, by the act of alienation; and the communication of the fact, after forfeiture, could not revive it; nor could it be a waiver. To avoid the consequence of a sale, under this section, the knowledge of the intention to sell should be brought home to the company before the forfeiture has been absolutely accomplished; or, if after alienation, notice is given of it, the proviso of the section must be complied with by the alienee, unless the directors dispense with the security. Of this there is no proof.

The confirmation, under this section, is for the benefit of the alienee, and not for the benefit of the party who has lost all his rights.

Counsel for appellee have referred to a number of authorities in favor of the position that the alienation was not of such a character as to render the policy void.

In *Stetson* v. *Mass. Ins. Co.* 4 Mass. 330, the article in the policy did not declare that it should be void upon alienation. The court held the articles imported a continuance of the contract, notwithstanding alienation.

In *Strong* v. *Man. Ins. Co.* 10 Pick. 40, the policy did contain the provision " that, if the property should be sold or conveyed, the policy should be void."

The sale was made by the act of the law, and without the assent of the insured, and was mortgaged when the insurance was effected. It was held that the insurable interest was not divested by sale on execution of the equity of redemption, so long as the right to redeem continued. Besides, the language of the condition might properly be construed to mean a voluntary sale, and not a forced sale under the law.

In *Power* v. *Ocean Ins. Co.* 19 La. 28, after the sale the property reverted by reason of the non-payment of the purchase money.

In *Trumbull* v. *Portage County Mu. Ins. Co.*, 12 Ohio, 305, there was a mere agreement to sell, without any conveyance.

*Titmore* v. *Vt. Mu. Ins. Co.* 20 Vt. 546, was a conditional sale only. The assured conveyed the property, and at the same time took back a deed, to be void upon the payment of so much money; but the grantor in the last deed never agreed to pay the money.

In *Lane* v. *Mu. Fire Ins. Co.* 12 Me. 44, the assured took back the goods sold, before the loss. The court, in effect, decided that there was no alienation, but term the pretended purchaser a mere tenant at will.

The authorities cited do not sustain the position taken in behalf of appellee.

We think that the policy sued on is void, and the judgment must be reversed and the cause remanded.

*Judgment reversed.*