The Northwestern Mutual Life Ins. Co. vs. The Germania Fire Ins. Co.

the foregoing observations dispose of all the material errors alleged by the appellant. Finding no error in the record which could have prejudiced the appellant, the judgment of the circuit court must be affirmed.

*By the Court.* —-Judgment affirmed.

THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY VS. THE GERMANIA FIRE INSURANCE COMPANY.

FIRE INSURANCE. *(1) Misnomer of plaintiff in policy. (2, 3) Condition against storing gasoline on the premises, construed. (4) Waiver of breach of condition. (5) Rights of assignee of interests insured.*

1. In an action on a fire insurance policy, it appeared that, by the terms of one clause, a part of the loss was payable to the " N. W. Life Ins. Co.," but that clause was undoubtedly inserted for the benefit of the plaintiff, the " N. W. *Mutual* Life Ins. Co." On appeal from a judgment in plaintiff's favor, *held,* that as the policy contains only a defective (and not a wrong) statement of plaintiff's legal name and style, which could not mislead defendant to its prejudice, the judgment is not erroneous by reason of such defect.

2. The policy insured against fire a " three-story, brick, gravel-roof hotel building, occupied by the assured, and known as the ' Tremont House,' situated on lots 9 and 12," etc., etc.; and it granted permission " to light the premises with gasoline," but provided that no gasoline should be " stored on the premises." *Held,* that the word " premises " means the *building insured;* and the assured was not prohibited from depositing gasoline, provided for use in the hotel, in reasonable quantities, *on his lots outside of the hotel.*

3. Whether the depositing of gasoline in the building itself, to be used therein, would be a *storing* within the prohibition of the policy, *quære.*

4. With knowledge that, at the time of the loss, there was a breach of a condition in the policy as to the location of the gas-blower and generator, defendant's adjusting agent subsequently objected to the proofs of loss furnished by the assured, merely on the ground that they were not made out in the form used by defendant, and sent him printed blanks for that purpose, which the assured (though not at any great expense) filled out and sent to him ·in compliance with his request. By the terms of the

The Northwestern Mutual Life Ins. Co. vs. The Germania Fire Ins. Co.

policy, the loss was not payable until sixty days *after due proof* thereof. *Held*, that the case is within the principle of *Webster v. The Phœnix Ins. Co.*, 36 Wis., 67, and the breach of the policy in respect to the gas-blower and generator was *waived*.

5. The insurance runs to W. as the owner of the property; but any loss is declared payable to plaintiff and one H., "as their interests shall appear;" each of them holding a mortgage on the premises. When the action was brought, the amount due on W.'s mortgage to plaintiff exceeded the amount of the policy, and W. and H. had assigned their interests to plaintiff. *Held*, that plaintiff is entitled to recover the *whole* loss, notwithstanding payments made to it by W. *pendente lite,* reducing his mortgage indebtedness to a smaller sum.

APPEAL from the Circuit Court for *Milwaukee* County.

Action upon a policy of insurance issued by the defendant and another company, by which each company severally insured one George Winans against loss or damage by fire on his hotel building in the city of Chippewa Falls, for one year, to the amount of one-half of $5,000. The policy commenced to run January 1, 1874. It contains the following clauses: "Loss, if any, payable to R. Hoyt and Northwestern Life Ins. Co., as their interests shall appear." "Permission is granted to light the premises with gasoline. Gas-blower and generator to be at least thirty feet from building, and no gasoline to be stored on the premises." Romeo H. Hoyt and the plaintiff were intended to be named in the first clause; each of whom held mortgages on the insured premises to secure an unpaid debt exceeding the whole amount of the policy.

The insured building was totally destroyed by fire on the 26th of January, 1874; after which, and before this action was commenced, Winans and Hoyt assigned their respective interests in the policy to the plaintiff. When the action was commenced, the mortgage debt due the plaintiff from Winans exceeded the amount of the policy; but, by payments made during the progress of the suit, such debt was reduced to about $700, when the cause was tried.

When the policy was issued, and until the fire, the insured

building was lighted with gasoline.   The generator was located in a vault about eight feet outside of the outer wall of the building, and the gas-blower was in the basement of the building.   Each remained in the same position until the building was burned.   No gasoline was kept in the building; but that provided for use therein was deposited from time to time, in barrels, on the hotel lots and in an adjacent alley, outside of the building.

About a week after the insured building was burned, one Lee, defendant's agent and adjuster, went to Chippewa Falls to investigate the loss.   He measured the distance from the outside walls of the building to the gas-generator, and was told correctly where the blower was located.   Under date of February 20, 1874, Lee wrote to McLean, defendant's local agent, who had negotiated the policy, as follows:   "Dear Sir: In the matter of Winans' policy on the Tremont House, I. have decided not to admit any liability whatever, upon the ground that there were material facts concerning the risk which were withheld both from you and ourselves.   Of this decision, Mr. Winans has not yet been informed.   My particular object in addressing you is to state that it is probable that when the assured learns of our intention to resist the claim, he may endeavor to have you commit yourself in some way, either in personal conversation or through Messrs. S. and W.; and it is unnecessary to state, I want you on our side."   Also, under date of March 16th, 1874, Lee wrote to Winans as follows:   "Dear Sir:   I have received from New York proofs of loss furnished Underwriters' Agency by you, but, as they are not made in our form, I inclose printed blanks for your use. When completed, please forward to the undersigned."   New proofs of loss were made out and forwarded by Winans pursuant to such request.

The foregoing facts sufficiently appear by the pleadings and proofs.   No question of pleading seems to be involved in the points determined by this court.   Numerous questions, both

of fact and law, were litigated on the trial and ruled by the circuit court; and exceptions to the rulings abound in the record. In the brief of counsel for appellant thirty-five alleged errors are assigned. It is believed, however, that all of such exceptions and alleged errors are disposed of by the views of this court upon the questions determined by it, and hence a detailed statement either of the rulings of the court, the exceptions, or the alleged errors, is unnecessary.

The plaintiff recovered the whole sum due on the policy; and the defendant appealed from the judgment.

Briefs were filed by *Cottrill & Cary* for the appellant, and *Dixon, Hooker, Wegg & Noyes* for the respondent; and there was oral argument by *Mr. Cottrill* and *Mr. Dixon*.

For the appellant, it was argued substantially as follows:

1. The courts carefully discriminate between matters prior to the loss and which determine the limits of the risk, and matters after the loss determining its establishment, adjustment and recovery. In regard to the former class it is held, that the contract must be strictly enforced, and governed by the general rules of law applicable to all written agreements. *Hinman v. Ins. Co.*, 36 Wis., 159; *Sawyer v. Ins. Co.*, 37 id., 518; *Tebbetts v. Ins. Co.*, 1 Allen, 305; *S. C.*, 3 id., 569. 2. It was error to admit proof that "R. Hoyt" and "Northwestern Life Ins. Co.," named in the policy, were Romeo H. Hoyt and the plaintiff. A contract cannot thus be reformed by parol at trial; and if there was a blunder in the contract, it should have been reformed in the regular way. 3. The court below erred in construing the word "premises" to mean the building itself. Under this ruling, the storage of any amount of inflammable material on the lot, though not within the building, even though within an inch or less of it, would not avoid the policy.

Counsel also discussed other questions not referred to in the opinion.

For the respondent it was contended, 1. That the defendant

is estopped by the acts of its agent from asserting a violation of the conditions of the policy. When material facts are made known to the agent, and he issues a policy or receives a premium with knowledge of them, the company cannot insist upon conditions in the policy inconsistent with such facts. *Miner v. Ins. Co.*, 27 Wis., 693; *Winans v. Ins. Co.*, 38 id., 342; *Mechler v. Ins. Co.*, id., 665; *Ætna Ins. Co. v. Maguire*, 51 Ill., 342. It is settled that if the facts are correctly stated by the applicant, but the application, filled out by the agent, omits or misstates facts called for, the policy will not thereby be avoided. *Mechler v. Ins. Co.*, and *Ætna Ins. Co. v. Maguire, supra; N. E. Fire & M. Ins. Co. v. Schettler*, 38 Ill., 166; *Aurora Fire Ins. Co. v. Eddy*, 55 id., 213; *Reaper City Ins. Co. v. Jones*, 62 id., 458; *Ins. Co. v. Jones*, 56 id., 402; *Ins. Co. v. Wilkinson*, 13 Wall., 222; *Ins. Co. v. Lyons*, 38 Tex., 271; *American Cent. Ins. Co. v. McLanathan*, 11 Kan., 549; *Harris v. Ins. Co.*, 18 Ohio, 116; *Clark v. Ins. Co.*, 40 N. H., 333; *Campbell v. Ins. Co.*, 37 id., 35; *Cheek v. Ins. Co.*, 1 Cent. L. J., 465; *Ætna Ins. Co. v. Olmstead*, 21 Mich., 246; *N. A. Fire Ins. Co. v. Throop*, 22 id., 159; *Franklin v. Ins. Co.*, 42 Mo., 457; *Combs v. Ins. Co.*, 43 id., 148; *Bebee v. Ins. Co.*, 25 Conn., 51; *Malleable Iron Works v. Ins. Co.*, id., 465; *Woodbury Savings Bank v. Ins. Co.*, 31 id., 517; *Miller v. Ins. Co.*, 31 Iowa, 216; *Masters v. Ins. Co.*, 11 Barb., 624; *Lycoming Mut. Ins. Co. v. Sailer*, 67 Pa. St., 108, 117; *Meadowcraft v. Ins. Co.*, 61 id., 91; *Bodine v. Ins. Co.*, 51 N. Y., 117; *Rowley v. Ins. Co.*, 36 id., 550. 2. That the company is estopped from asserting the pretended breach of the policy, by requiring new proofs of loss, and making no other objection. The case comes clearly within the rule established in *Webster v. Ins. Co*, 36 Wis., 67. By submitting to the requirement of the company, there was pecuniary injury to the plaintiff, in the loss of interest and in the expenses of arbitration. 3. That the defense as to the storing of gasoline on the premises failed. The prohibition is against storing

AUGUST TERM, 1876.        451

The Northwestern Mutual Life Ins. Co. vs. The Germania Fire Ins. Co.

gasoline in the building. The building constitutes the premises. May on Ins., §§ 228, 242, 243, and cases cited. 4. That the fact that the debt due plaintiff has been reduced, during the pendency of the suit, to a sum less than the amount due from the defendant, does not prevent a recovery for the full amount due. Tay. Stats., 1572, § 1.

LYON, J. I. It is argued by the learned counsel for the defendant company, that the clause in the policy in suit which provides that the loss, if any, shall be payable to the "*Northwestern Life Insurance Co.*" and another, fails to confer upon the plaintiff any right to maintain an action on the policy, or any interest therein, because its name is "The Northwestern *Mutual* Life Ins. Co." The position is exceedingly technical, and we think not well taken. There is not the slightest doubt that the parties to the policy inserted the clause for the benefit of the plaintiff. The omission of the word *Mutual* is merely a defective statement (not a wrong one) of the legal name and style of the plaintiff. It is scarcely a misnomer, and cannot possibly mislead or prejudice any one. See *Attorney General v. Railroad Companies*, 35 Wis., 556. Besides, the defendant has recognized to some extent the interest of the plaintiff in the policy, by joining with it in an arbitration to determine the amount of the loss caused by the burning of the insured building. There are stipulations in the submission which prevent the same from operating as an estoppel upon the defendant; yet the fact of the submission is not without significance in the determination of the question under consideration.

II. Two breaches of the conditions of the policy by Winans are alleged, either of which, it is insisted, is fatal to a recovery. These are, 1. The depositing of gasoline on the lots on which the insured building stood, and adjacent to such building; and 2. The continued location and use of the gas-generator and blower within less than the prescribed distance from the building.

1. As to the first of these alleged breaches, we do not think the policy prohibited the insured from depositing gasoline provided for use in his hotel, in reasonable quantities, on his lots outside of the hotel, or that the parties to the policy intended any such prohibition. The condition is, "No gasoline to be stored on the premises;" and the more reasonable construction is, that the word *premises* means the building insured, and not the lots outside thereof on which the building stood. This construction is sustained by authority. May on Insurance, §§ 228 and 243, and cases cited.

Moreover, it is quite doubtful, on the authorities, whether the depositing of gasoline in the building itself, to be used therein, would be a *storing* thereof within the prohibition of the policy. Id., § 242 and cases cited. This question, however, is not here determined.

2. The other alleged breach of a condition of the policy will be considered on the hypothesis that the continued location and use of the generator and blower within less than thirty feet of the insured building was a breach of the condition of the policy in that behalf, and that such breach is a complete defense to this action unless the defendant has waived it.

In *Webster v. Phœnix Ins. Co.*, 36 Wis., 67, which was an action on a policy of insurance, the defense was an alleged breach by the plaintiff of a condition or stipulation in the policy, that if other insurance should be obtained on the insured building without the consent of the defendant company indorsed on the policy there in suit, such policy should be void. Other insurance was so obtained without such consent, and indeed without the knowledge of the defendant. The insured property was destroyed by fire, and with proofs of loss the plaintiff informed the defendant of such additional insurance. After such notice, instead of declaring the policy void for such breach, the defendant objected to the sufficiency of the proofs of loss, and required the plaintiff, under a stip-

ulation in the policy, to furnish full plans and specifications of the building insured. The plaintiff furnished these at considerable expense. It was held that the conduct of the defendant, with full knowledge of the facts, was a waiver of its right to insist on a forfeiture of the policy because of such breach. The principle upon which it was so held is stated in the report of that case, and need not be repeated here.

We think that decision rules the present case. True, Winans was not subjected to great expense in making new proofs of loss. He prepared them himself, instead of employing and paying an attorney or some other person to do so; but it is not perceived how that fact can affect the application of the principle which controlled the decision of *Webster v. Ins. Co.* In all other material particulars the two cases are alike in principle.

And if the amount of damage sustained by the insured by reason of being required to furnish new proofs, is to be considered in determining the effect of such requirement, Winans sustained substantial damage thereby beyond the mere trouble or expense of preparing such proofs. The insurance money was not payable until sixty days after notice and due proof of the loss; and of course no interest could accrue on the amount of the loss until after the same became due by the terms of the policy. The demand for new proofs postponed the time when such amount became due, and hence deprived the insured of the right to interest thereon for a certain time. It also postponed the right of action on the policy. Had this action been commenced less than sixty days after the new proofs of loss were furnished (the first proofs being defective), it would have been prematurely brought. But had the defendant, on receipt of the first proofs, instead of demanding further proofs, notified Winans that the claim would be contested for . the alleged violation of the stipulations of the policy, probably an action on the policy could have been

brought at once; certainly it could have been brought at the expiration of sixty days from that time.

The loss of interest and the postponement of the right of action, which resulted or might have resulted from the defendant's demand for further proofs of loss, are additional circumstances going to show the entire inconsistency between such demand and the claim that the policy was forfeited for breaches of its conditions, and bring the case more clearly within the principle of *Webster v. Ins. Co., supra.*

III. It is further claimed on behalf of the defendant, that, conceding its liability to the plaintiff on the policy, the latter can only recover the sum which Winans owed it at the time of the trial, and that the judgment, which is for a greater sum, and for the whole sum due on the policy, is erroneous as to the excess. We think the position untenable. When the action was commenced, the whole right of action had been assigned to the plaintiff, whose demand against Winans exceeded the sum due on the policy. At that time, therefore, the plaintiff was entitled absolutely to the whole proceeds of the policy. It is quite immaterial that the debt which Winans owed the plaintiff was paid in part *pendente lite,* and it would have been equally so had the whole debt been thus paid. In either case the action might proceed to judgment the same as though no such payment had been made. If, because of such payment, other parties became interested in the proceeds of the policy, that is a matter between them and the plaintiff which does not affect the judgment. R. S., ch. 135, sec. 1.

The questions above considered are believed to be the controlling questions in the case; and as they are resolved adversely to the defendant, the affirmance of the judgment of the circuit court necessarily follows.

*By the Court.*—Judgment affirmed.