# Fire Insurance Companies *v.* Felrath.

*Actions on Policies of Insurance against Loss by Fire.*

1. *Assignment of policy; when assignee may sue in his own name.* When a policy of insurance is assigned pursuant to its terms, the assignee may maintain an action on it in his own name, in the event of a loss (Code, § 2890); but, where a policy is taken out by the mortgagor in his own name, the addition of the words, "Loss, if any, payable to J. F., to the extent of his mortgage interest," is a mere appointment of a part of the money, and does not constitute an assignment; nor does it authorize said J. F. to maintain an action on the policy in his own name, though the partial loss does not exceed the amount due on his mortgage.

2. *Stipulations in policy as to proof of loss, examination of assured, &c.; when conditions to right of recovery.*—There is no rule of law, or of public policy, which forbids parties, when entering into contracts of insurance, from stipulating that, in case of loss, the preliminary proofs thereof shall be furnished by the assured himself; that he shall submit himself to be examined on oath, and shall procure the certificate of a magistrate as to certain designated facts; and when these stipulations are made in the policy, a compliance with them is a necessary condition to a right of recovery, unless performance has been waived by the insurer.

3. *Waiver of defects or irregularities in proofs of loss.*—When notice and preliminary proof of loss are served within a reasonable time, the insurer must answer within a reasonable time afterwards; and if he fails to do so, or refuses to pay without objection to the sufficiency of the proof, this is a waiver of any and all objection to its sufficiency; and if he points out certain alleged defects or irregularities in the proof, this operates as a waiver of all other defects or objections, however obvious or glaring.

4. *Same; reasonable time, as question of fact; general charge on evidence.*—What is a reasonable time, in such case, being a mixed question of law and fact, largely dependent on the particular facts of each case, must always be submitted to the jury, under appropriate instructions; and when the testimony is not clear, and free from conflict on material points, a general charge in favor of either party is an invasion of the province of the jury.

VOL. LXXVII.

APPEALS from the Circuit Court of Mobile.

Tried before the Hon. WM. E. CLARKE.

These three cases, involving the same facts and questions, were argued and submitted together. Each of the actions was brought by Joseph Felrath, and was commenced on the 31st July, 1883; the defendants being the North British and Mercantile Insurance Company of London and Edinburgh, the Germania Fire Insurance Company of New York, and the Hanover Fire Insurance Company of New York. Each action was founded on a policy of insurance against fire, issued by the defendant corporation, on a building in the city of Mobile which belonged to one James Clark, by whom the policies were taken out in his own name. Each of the policies was effected through the defendants' agent in Mobile, John C. Reese, and was dated June 12th, 1882; but each contained, on the body thereof, these words: "*Mobile, June 20th, 1882. Loss, if any, payable to Joseph Felrath, to the extent of his mortgage interest;*" signed "*John C. Reese, ag't.*" The insured building was partially destroyed by fire, on the morning of February 8th, 1883, before the expiration of the policies; the amount of damages, as proved on the trial, being $1,070. The entire amount of insurance was $1,550, one half of which was covered by the policy effected with the company first named, and the other half divided equally between the other two companies. The plaintiff's mortgage was dated June 19th, 1882, and was given to secure a debt of $1,080, payable twelve months after date thereof. The material stipulations of the policies, which are stated in the opinion of the court, were substantially the same. The defendant, in each case, pleaded the general issue, 'and several special pleas; but demurrers were sustained to each of the special pleas, and the causes were tried on issue joined on the plea of the general issue. One of the special pleas averred the failure of said Clark to furnish the necessary proofs of loss, and to submit to a personal examination, as required by the terms of the policy; and another denied the plaintiff's right to maintain an action on the policy in his own name. The bill of exceptions purports to set out all the evidence, the material portions of which are stated in the opinion of the court. The court charged the jury, on the written request of the plaintiff, "that they must find for the plaintiff, if they believed the evidence, and assess his damages at whatever sum the evidence shows the same to be, with interest thereon from sixty days after the day on which proof of loss was furnished to the defendants; and that they must apportion the damages" among the three defendants in the ratio of the amount insured by each, as above stated. The defendants excepted to this charge, and they here assign it as error, together with the refusal of

several charges asked by them, and the judgment sustaining the demurrers to their special pleas.

OVERALL & BESTOR, for appellants.—(1.) Felrath can not maintain these actions in his own name. The policies were taken out by said Clark in his own name, and for his own benefit; and the words subsequently incorporated in them, for the benefit of Felrath, do not operate as an assignment of the mortgage, or of any interest therein, but are a mere designation of the person to whom a part of the money is to be paid.—*Grosvenor v. Atlantic Insurance Co.*, 17 N. Y. 394; *Continental Insurance Co. v. Hulman*, 92 Illinois, 154; Flanders on Fire Insurance, 441; *Insurance Co. v. Stanton*, 57 Illinois, 354; *Insurance Co. v. Wetmore*, 3 Illinois, 221; *Mutual Insurance Co. v. Hanslein*, 60 Illinois, 521; *Franklin Savings Inst. v. Mutual Insurance Co.*, 119 Mass. 240; *Fogg v. Mutual Insurance Co.*, 10 Cush. 337; *Hale v. Mech. Insurance Co.*, 6 Gray, 169; *Loring v. Man. Insurance Co.*, 8 Gray, 28; *Mutual Insurance Co. v. Fix*, 53 Illinois, 151; 19 N. Y. 179; *Blanchard v. Atlantic Mutual Fire Insurance Co.*, 33 N. H. 9, 15; 5 Foster, N. H. 22, 205; 10 *Ib.* 231. (2.) But, even if Felrath could sue as assignee, neither he nor Clark could recover without proof of a compliance with the stipulations and conditions of the policies, each of which expressly provides that it shall not be payable, in case of loss, until Clark "shall have made the proofs, and submitted to the examinations herein required." These conditions were inserted for the protection of the insurer against fraud, and the courts can not dispense with their performance. Proof of a compliance with them was as necessary to a right of recovery as proof of a loss.—*Ala. Gold Life Ins. Co. v. Thomas*, 74 Ala. 578; 20 Gratt. 614; 1 Otto, 510; 6 Otto, 544. There was not only no attempt to prove a compliance with these conditions, but it was shown that Clark had fled the city while his house was burning, and nothing had since been heard of him.

TOULMIN, TAYLOR & PRINCE, *contra.*—(1.) Stipulations in a policy as to notice and proof of loss are not conditions, and do not form a part of the contract of insurance. They do not create the liability to pay the loss, but only fix the time at the expiration of which the money must be paid.—*McMaster v. N. A. Insurance Co.*, 55 N. Y. 222, or 14 Amer. Rep. 239; 36 Md. 102, or 11 Amer. Rep. 476; H. &. N.'s New Digest of Insurance, 355; May on Insurance, 217; 36 Wisc. 159. (2.) Giving notice and making claim and proof of loss may be conditions precedent to a recovery, unless waived by the insurer; but notice by Felrath, and proof furnished by him, he being

the real party in interest, were sufficient.—May on Insurance, §§ 463, 465; Wood on Fire Insurance, §§ 413–14; 41 Mich. 131; 16 Wisc. 532; H. & N.'s New Digest, 493, and authorities there cited. (3.) If there was any defect or irregularity in the notice or proofs of loss, it was waived by the insurers. Wood on Fire Insurance, §§ 414, 417, 421; 31 Wisc. 160; 36 Mich. 289; H. & N.'s New Digest, 493; 2 Clements' Dig. Ins. Dec. 252, § 7; 1 Rob. N. Y. 55; 31 How. Pr. (N. Y.) 508; 16 Wendell, 385; 26 Illinois, 365; 2 N. Y. 53; 7 Johns. 315. (4.) Felrath was the party really interested, and he could maintain the actions in his own name.—Code, § 2890; May on Insurance §§ 447–49; 38 N. J. 564; 40 Wisc. 446; 46 Wisc. 23; 50 Wisc. 240; 60 N. Y. 619.

. STONE, C. J.—1. Can Felrath maintain these actions in his own name? We think not, for the following reasons: The policies were taken out in the name, and in favor of James Clark, who owned the property. The gross sum of the policies was fifteen hundred and fifty dollars. Felrath had a mortgage on the property, but the policies were neither assigned nor transferred to him, so as to constitute them his property, nor to make him, Felrath, the party assured. The only interest Felrath had is shown on the face of the policies themselves, and is expressed in this language: "Loss, if any, payable to Joseph Felrath, to the extent of his mortgage." It is not stated what was the extent of his mortgage interest. It is shown in the proof that it was about two-thirds of the sum assured. The policies all bear the same date, expire at the same time, and were procured through the same resident agent. In case of loss, each company was bound to contribute *pro rata*, to the extent of the sum insured. This constitutes these several policies substantially one transaction—one contract—so far as Felrath's right to sue is concerned. Possibly, we might go further, and hold, from the known usage in such cases, that Clark applied to the agent for insurance to the extent of fifteen hundred and fifty dollars, and that the risk was parcelled out among several companies, in order that the burden might be apportioned, in case of loss. But this is not necessary. It is enough that the liability of all the companies was fifteen hundred and fifty dollars, and there are neither facts nor presumption that any one of these liabilities was incurred before the others were.

We have, then, a binding contract, or contracts, by which these companies bound themselves to pay to Clark, on a certain contingency, fifteen hundred and fifty dollars, with a direction and agreement, in case of loss, to pay one thousand and eighty dollars of the sum to Felrath. To whom, according to

[Fire Insurance Companies v. Felrath.]

the terms of the contract, was the remaining sum of four hundred and seventy dollars to be paid? Evidently to Clark, the holder of the policies. This was the *status* of the contract, at the time the negotiations terminated in a final agreement. This was not an assignment of the policies, nor either of them, but a mere appointment of a part of the money to be realized upon them.—*Grosvenor v. Atlantic Fire Ins. Co.*, 17 N. Y. 391; Flanders on Fire Insurance, 441; *Hale v. Mech. Mut. Fire Ins. Co.*, 6 Gray, 169; *Loring v. Manuf. Ins. Co.*, 8 Gray, 28; *Fogg v. Mid. Mut. Fire Ins. Co.*, 10 Cush. 337; *Bidwell v. North Western Ins. Co.*, 1ᴐ N. Y. 179 : *New Eng. Mar. Ins. Co. v. Wetmore*, 3 Ill. 221; *Ill. Fire Ins. Co. v. Stanton*, 57 Ill. 354; *Ill. Mut. Fire Ins. Co. v. Fix*, 53 Ill. 151; *Blanchard v. Atl. Mut. Fire Ins. Co.*, 33 N. H. 9; *Nevins v. R. Mut. Fire Ins. Co.*, 25 N. H. 22; *Folsom v. B. Co. Mut. Fire Ins. Co.*, 30 N. H. 231; *Home Mut. Ins. Co. v. Hauslein*, 60 Ill. 521; *Franklin Sav. Institution v. Central Mut. Fire Ins. Co.*, 119 Mass. 240.

It is contended for appellee, that Felrath can maintain these actions under section 2890 of the Code of 1876, which provides that actions on contracts, express or implied, for the payment of money, must be prosecuted in the name of the party really interested, whether he has the legal title or not. This would undoubtedly be the case, if by the terms of the policy, or assignment pursuant to its terms, the entire sum of the insurance money had been payable to Felrath.—*Appleton Iron Co. v. Br. Amer. Assu. Co.*, 46 Wis. 23; *Keeler v. Niagara Falls Fire Ins Co.*, 16 Wis. 523. We hold, however, that the right of action on this contract must be determined by the *status* of the transaction, which the parties by their contract have fixed upon it. It is the contract itself, and not any after occurring accident, which determines the intention the parties had. They appointed the payment of a part of the money to Felrath, in case of loss. They did not appoint the payment of the entire sum, nor were the policies assigned. They did not confer on Felrath a right to sue for a part, and on Clark the right to sue for the residue. That would have been to split one contract into two causes of action, which can only be done by agreement of debtor and creditor, having that object in view. It was not done in this case; and the accident that the loss was only partial, and did not exceed the sum appointed to be paid to Felrath, can neither change the contract relations of the parties, nor effect an assignment of the policies. There are a few cases which, it is contended, hold the contrary of these views, but, if they do, we decline to follow them.—*N. W. Mut. Life Ins. Co. v. Germania Fire Ins. Co.*, 40 Wis. 446; *Hammel v. Queen Ins. Co.*, 50 Wis. 240; *State Ins. Co. v. Maackens*, 38 N.

J. Law, 564. In some of these cases, the appointee's claim equalled, or exceeded the whole sum insured, which, of course, involved no splitting up of the cause of action. This distinguishes such cases from this.— *Watertown Fire Ins. Co. v. Sewing Machine Co.*, 41 Mich. 131.

2. Among the stipulations in each of the policies on which these actions are founded, are the following: That notice and proof shall be forthwith furnished and given of the loss sustained by the fire; that this shall be furnished by the assured himself; that he shall submit himself to be examined on oath, touching the loss and its circumstances, if desired, and that he shall produce a certificate " of a magistrate, notary public, or commissioner of deeds, nearest to the place of the fire, not concerned in the loss as a creditor or otherwise, nor related to the assured, stating that he has examined the circumstances attending the loss, knows the character and circumstances of the assured, and verily believes that the assured has, without fraud, sustained loss on the property insured, to the amount which such magistrate, notary public, or commissioner of deeds shall certify." These are stated in the policies as conditions of any right of recovery.

The bills of exceptions state that they contain all the testimony. They do not inform us what proofs of loss were made, nor whether they were accompanied by the requisite certificate of a magistrate, or other named officer. They do inform us the proofs were not made by Clark, the assured, and that he did not submit himself to be examined on oath, when thereto required. He fled the State while the house was burning, and has not since been traced. These alone were fatal to the right of recovery, unless these pre-requisites have been waived. There is no rule of law, nor of public policy, which forbids that parties enter into such stipulations, and when they do, they must abide by their contracts.—*Ala. Gold Life Ins. Co. v. Thomas*, 74 Ala. 578; May on Insurance, § 465; Flanders on Fire Insurance, 523; *Ætna Life Ins. Co. v. France*, 91 U. S. 510; *Insurance Co. v. Mowry*, 96 U. S. 544; *Manhattan Life Ins. Co. v. Warwick*, 20 Grat. 614, 656. And the terms of these policies, and Felrath's interest therein, do not relieve the assured of the necessity of making the preliminary proofs by Clark, in whose favor the policies were issued.—*Grosvenor v. Atl. Fire Ins. Co.*, 17 N. Y. 391; *Hale v. Mech. Mut. Ins. Co.*, 6 Gray, 169; *Loring v. Man. Ins. Co.*, 8 Gray, 28; *Franklin Sav. Inst. v. Central Mut. Fire Ins. Co.*, 119 Mass. 240; *Ill. Mut. Fire Ins. Co. v. Fix*, 53 Ill. 151; *Home Mut. Fire Ins. Co. v. Hauslein*, 60 Ill. 521.

3. The remaining question is waiver, *vel non*, of the insufficiency of preliminary proof of loss. On this question the

testimony is not in harmony. The plaintiff, Felrath, testified that he delivered his proofs to the agent, about a month after the burning. The fire occurred on the 8th February. This would bring the 8th, or later, of March, when the proofs of loss were submitted to the agent. They must then be forwarded to the head office in New York, or, at least, to the general agency for the South—Atlanta—for consideration. Felrath testifies, that the first written notice he received that the proofs were insufficient, was by the letter from the adjusting agent at Atlanta, dated April 27th, 1883, some six weeks, or more, after he alleges the preliminary proofs were forwarded. That letter states a verbal notice had been given on the 18th; and notified Felrath, that "We can not receive the papers served by you as proof of loss in the Clark case, as they are not made out by the assured, as required by the conditions of the policy. We desire proofs in accordance with the policy, and an examination of Mr. Clark, the assured, under oath. I also desire to state, that we decline to accept your proposition to subrogate your claims against the property." This was signed by the adjuster of the insurance companies. Felrath testified, further, that "in the latter part of March, after the fire, the agent and adjuster of the defendants came to Mobile [the place of the burning], and in an interview with him about the fire, and plaintiff's claim on account of it, at the office of Mr. Reese [the local agent for Mobile], Knowles [the adjuster] proposed to plaintiff to transfer his mortgage to defendants, and they would pay him the money on account of the loss; that he, plaintiff, asked time to consider the proposition; that he wished to take advice about it. Knowles said he would call at witness' store the next day, for an answer; that he did not call next day, but called the second day after, and witness told him he would transfer the mortgage, as all he wanted was his money. Knowles then told him he would have to refer the matter back to the companies. Witness further testified, that some time afterwards he was informed that defendants were unwilling to accept his proofs of loss, but that the first and only written notice he received was the letter," copied above.

Felrath was asked, on cross-examination, "if he had received from Mr. Reese, defendants' agent at Mobile, a written notice, stating that the proofs of loss he had spoken of were not satisfactory to defendants, and that they were held subject to his order." And plaintiff answered, "No, he had not received such a notice."

Reese, the Mobile agent, testified, "that he was present when the transfer of the mortgage was talked about between plaintiff and Mr. Knowles; that plaintiff proposed to Mr. Knowles to assign to the companies his mortgage, if they

would pay him the amount due thereon, and that Mr. Knowles said he would have to refer the matter to the defendants. Witness further testified, that shortly after the interview about the mortgage, he did give the plaintiff the written notice that the plaintiff said he had not received. This notice was handed to plaintiff by witness in plaintiff's store, in the presence of Mr. Levy, a clerk of defendant; that he did not know the date he gave the said notice to Felrath that the proofs of loss were not satisfactory, but that it was some time after the interview about the mortgage at plaintiff's store."

It is thus shown that on two material points, affecting the question of waiver, the testimony is apparently not in harmony.

It is laid down in the books, that when notice and preliminary proofs of loss are served within a reasonable time, then the insurance company must answer within a reasonable time afterwards. If no answer is returned within a reasonable time, or if the answer be a refusal to pay without reference to the insufficiency of the proofs, this is considered a waiver of such insufficiency. If the answer point out certain imperfections or irregularities in the proofs, this is a waiver of all others, no matter how glaring.—*Ætna Fire Ins. Co. v. Tyler*, 16 Wend. 385; *Johnson v. Columbia Ins. Co.*, 7 Johns. 315; *Brown v. Kings County Fire Ins. Co.*, 31 How. Pr. 508; *State Ins. Co. v. Maackens*, 38 N. J. Law, 564; *Aurora Fire and Mar. Ins. Co. v. Krawich*, 36 Mich. 289; *Gr. Wes. Ins. Co. v. Staaden*, 26 Ill. 360; *Ill. Fire Ins. Co. v. Stanton*, 57 Ill. 354; *O'Connor v. Hartford Fire Ins. Co.*, 31 Wis. 160; *Nor. Western Mut. Life Ins. Co. v. Ger. Fire Ins. Co.*, 40 Wis. 446.

4.   What is a reasonable time, being a mixed question of law and fact, must always be submitted to the jury, under appropriate instructions. It must depend largely on attendant circumstances. In this case, the distance from the chief agency, the greater distance from the head office, reasonable time to learn all that could be known of the true facts, and to formulate an opinion upon them—each and all of these must be taken into account in prosecuting the inquiry of reasonable time. Like other rules of law, it rests on reason. Insurance companies must not lure their patrons into false security, by which the latter may lose the means and opportunity of remedying defects in their preliminary proof—must not lead them astray by giving notice of one objection, and then relying upon another; nor, by a general refusal to pay, retain in reserve, for a surprise on the trial, some defect in the proof, which, perchance, if known, might have been remedied. The law expects and exacts candor and good faith, and punishes with adverse presumptions those who fail to observe these cardinal

virtues. The testimony was not so clear and free from conflict, as that the court was justified in giving the general charge.

Reversed and remanded.