EDGELL, Respondent, v. SIGERSON, Appellant.

1. A. in a certain suit for the recovery of instalments of interest alleged to be due on a promissory note, wherein B., the maker, set up that the said note had been fraudulently altered so as to make interest payable from date, recovered judgment. *Held*, that said judgment was conclusive, as against the maker, as to the question of fraudulent alteration, in a subsequent suit on the note itself.

*Appeal from St. Louis Court of Common Pleas.*

This case has heretofore been before this court. (See report of decision 20 Mo. 494.)

This was an action on the following promissory note : " $4,138.50. St. Louis, October 1, 1848. Five years after date, I promise to pay to the order of myself four thousand one hundred and thirty-eight five-hundredths dollars, for value received, without defalcation or discount, negotiable and payable at the Bank of the State of Missouri ; with interest from date at six per cent. per annum, interest payable annually. [Signed] John Sigerson."

The petition stated that in the year 1852 plaintiff had commenced a suit to recover the instalments of interest then due on the above note ; that in said suit defendant pleaded that that portion of the note stating that interest is to be paid annually from date at the rate of six per cent. had been inserted without the knowledge, authority or consent of defendant Sigerson ; that plaintiff in that suit recovered judgment.

In the present suit defendant admits the execution of the note, but sets up that the same was fraudulently altered, as alleged by defendant in the suit for instalments of interest. Defendant insists that said alteration made the note void. Defendant further alleges in his answer that the judgment rendered against him in the suit for instalments was obtained by fraud.

At the trial the plaintiff gave the note in evidence, also a

transcript of the judgment in the suit for instalments of interest. Testimony was then adduced bearing upon the question whether the interest clause was in the note at the time of its execution and delivery.

The court, at the instance of the plaintiff, instructed the jury as follows : " 1. If the jury believe from the evidence that the plaintiff and Francis W. Peasley were partners at the time the suit was commenced, the record of which has been given in evidence by plaintiff; that the note then belonged to said Edgell, Peasley & Co. ; that the note sued on in this suit is the same to recover the interest specified in which the suit was brought by said Edgell and Peasley against said defendant, the record of which has been read in evidence by plaintiff, then the jury will find for the plaintiff, unless the jury shall find that said judgment was obtained by fraud. 2. The testimony of witnesses as to the making of said note, and what took place at the time of such making, is no evidence that said judgment was obtained by fraud. 3. The jury should find for the plaintiff if they believe from the evidence that the demand sued for in this suit is the same to recover the interest upon which suit was brought against said defendant and a judgment recovered therefor, the record of which has been given in evidence by plaintiff."

The court refused the following instruction, asked by defendant : " 4. If the jury believe from the evidence that the interest clause in the note sued upon was inserted after the same was signed by the defendant and without his knowledge, approval or consent, then the note is void and the plaintiff is not entitled to recover on the same."

The jury found a verdict for plaintiff.

*A. M. Gardner*, for appellant.

*Shepley*, for respondent.

RICHARDSON, Judge, delivered the opinion of the court.

The integrity of the note was necessarily and directly in issue in the suit brought to recover the annual instalments

of interest, and the judgment in that case, having been rendered by a court of competent jurisdiction, determined the question as to the alteration of the note, and was conclusive between the same parties in another suit directly involving the same question. (Greenl. Ev. sec. 528; Kingsland v. Spalding, 3 Barb. Ch. R. 341; Chase v. Walker, 26 Maine, 555; Perkins v. Walker, 19 Verm. 144.)

The only matter then really in issue in this cause was whether the judgment had been obtained by fraud; and on this point the defendant offered no testimony. The only evidence he introduced bore on the issue distinctly made and decided in the first suit. The instructions asked by the plaintiff were properly given, and the one asked by the defendant was properly refused. The judgment will be affirmed; the other judges concurring.