## Montgomery *v.* Hamilton et al.

Principal and Surety.—*Extension of Time.—Promise of Surety after Extension.*—Where the payee of a note has, for a good consideration, given an extension of the time of payment to the principal, without the consent of the surety, a promise afterward made by the surety to pay the debt, made in ignorance of the fact that the time of payment had been extended by the payee, is not binding on the surety.

Pleading.—*Complaint to Review.—Principal and Surety.—Extension of Time.*—A complaint by a surety to review a judgment rendered upon a promissory note, and to restrain the levy of an execution, alleging that he suffered judgment to go by default, not knowing that he had any defence to the action, but that since the execution issued, he had for the first time learned that the payee of the note had, on divers occasions, taken interest in advance and extended the time of payment to the principal, without the knowledge of the surety, was held good.

Bill of Exceptions.—Where the evidence is not all in the record, this court cannot say that the finding is not supported by the evidence.

From the Shelby Common Pleas.

*K. M. Hord* and *A. Blair,* for appellant.

*S. Major* and *A. Major,* for appellees.

Pettit, J.—This suit was brought by the appellant against the appellees, and we give an abstract of the complaint as appellant's attorneys have given it to us. "This was an action commenced by Montgomery against Hamilton, as judgment plaintiff, and Hoop, sheriff of Shelby county, to review a judgment of the Shelby Common Pleas in favor of Hamilton, and to restrain the sheriff from proceeding to execute a writ against the property of Montgomery; that a judgment was taken against James Winterrowd and

Andrew J. Winterrowd as principals and himself as surety by default, because at the time he knew of no defence, and he called upon one of the principals in the note who informed him there was no defence to the note, and that under these circumstances he permitted judgment to go by default; that after the rendition of the judgment, and while an execution was in the hands of Hoop, sheriff of the county, he learned for the first time, that Hamilton had, on divers and sundry occasions, taken interest in advance and extended the time of payment to the principals without his knowledge, and thereby discharged him from his obligation."

A demurrer for want of sufficient facts was filed to the complaint, overruled, and exception taken.

The answer was, first, a general denial by both defendants. Hamilton answered separately, in three paragraphs. 1. Admits the judgment on the note, execution thereon, and that it is not paid, but denies all other allegations in the complaint. 2. "The defendant says that after the expiration of the time of the alleged extension of payment of the note mentioned in the plaintiff's complaint, to wit, on the the 20th day of March, 1869, this defendant called upon the plaintiff, Montgomery, and presented said note to him for payment, and then and there demanded payment thereof. And this defendant says that the said Montgomery then and there promised to see the said Winterrowds within a few days thereafter, and with them would pay this defendant this note; that a few days thereafterward said Montgomery called upon this defendant and requested him not to sue on said note, at the April term, 1868, of the Shelby Circuit Court, and then promised this defendant that if he would forbear suing on said note at said April term, 1868, of said circuit court, he, said Montgomery, would pay said note within thirty days thereafter, which this defendant then and there promised to do; that in pursuance of said agreement between the said plaintiff and this defendant, he did forbear to sue upon said note until after the expiration of said time so agreed with said Montgomery; yet to pay the same the

said Montgomery and said Winterrowds wholly failed, and that at the next term, July, 1868, of this court he brought his action upon said note and obtained the judgment stated in the plaintiff's complaint, which together with the costs of suit thereon, taxed at twenty dollars, remains wholly unpaid; wherefore he sues and demands judgment." The conclusion of this answer is awkward. The defendant does not sue by this answer, though he may demand judgment. A demurrer to this paragraph of the answer, for want of sufficient facts, was overruled, and exception taken, and a reply of general denial was filed to it. Third paragraph of Hamilton's answer: "that after the rendition of said judgment, this defendant procured to be issued by the clerk of the Shelby Common Pleas Court an execution of *fieri facias* on said judgment and placed in the hands of the sheriff of said county to be executed, and while said execution was so in the hands of said sheriff to be by him executed, to wit, on the — day of July, in the year 1869, the said Montgomery promised said Hamilton, in consideration that said Hamilton would not levy on property under said execution to satisfy said judgment, he, said Montgomery, would pay to said Hamilton the amount of said judgment, on the 15th day of August, 1869. The said Hamilton avers that thereupon he directed said sheriff to not levy on property under said execution, and that said sheriff did not levy on property on said execution; that said Montgomery did not, nor did any one else pay off said judgment within said 15th day of August, 1869, nor at any other time; wherefore the said Hamilton prays judgment."

There was a reply to the third paragraph of the answer: 1. General denial. 2. Ignorance of the matters stated in the complaint, by which he was released from liability on the note at the time of making the new promise.

We hold that the second paragraph of the answer of Hamilton was insufficient, and that overruling the demurrer to it was an error for which the judgment must be reversed. It does not show that Montgomery had notice or knew that

he had been released from his liability on the note by reason of the extension of time given by Hamilton to the principals; for if he made the promise in ignorance of the fact that Hamilton had extended the time of payment for interest paid in advance by the principals, he can not be bound by such promise. The authorities are numerous and uniform on this question, some of which we cite. *May* v. *Coffin*, 4 Mass. 341; *Freeman* v. *Boynton*, 7 Mass. 483; *Silvernail* v. *Cole*, 12 Barb. 685; *Ross's Ex'r* v. *McLauchlan's Adm'r*, 7 Grat. 86; 1 Parsons Notes & Bills, 201–2; *Southall* v. *Rigg*, 11 C. B. 481; *Mercer* v. *Clark*, 3 Bibb, 224; *Garland* v. *Salem Bank*, 9 Mass. 408; 1 Parsons Notes & Bills, 246; *Corbett* v. *The State of Georgia*, 24 Ga. 287; 2 Parsons Notes & Bills, 597. *Rittenhouse* v. *Kemp*, 37 Ind. 258, may also be cited; though not in itself directly in point, some of the authorities cited on examination are found to be so. The counsel for the appellee in their brief do not insist that the second paragraph of Hamilton's answer was good, but argue that the complaint was bad, and that the demurrer to it should have been sustained, and that the demurrer to the second paragraph of Hamilton's answer should have been carried back and sustained to the complaint. We have all carefully examined the complaint, and though not very artistically drawn, we hold that it is sufficient, and that the demurrer to it was properly overruled.

There is but one remaining question before us, and that is, does the evidence sustain the finding and judgment? So far as the evidence is in the record, we think it reasonably sustains the finding and judgment; but the bill of exceptions shows that the evidence is not all before us. The bill of exceptions shows that there was a memorandum on the note, yet the transcript shows no such memorandum. The bill of exceptions further shows this: " Suits of Samuel Hamilton *v.* Andrew Winterrowd *et al.*, commenced in Shelby Circuit Court, March 27th, 1868, and answer of sureties there filed, 13th of April, 1868, introduced." This shows that evidence as to certain suits was introduced which is not in the tran-

script; and as all the evidence in the case is not before us, we can not say that the court did not find properly on the evidence.

The judgment is reversed, at the costs of the appellees, with instructions to sustain the demurrer to the second paragraph of Hamilton's answer.