WILLIAM F. TIPTON, Adm'r, etc.

v.

SAMUEL R. CARRIGAN.

1. PRINCIPAL AND SURETY—DEATH OF PRINCIPAL—NOTE MUST BE MADE A CLAIM AGAINST HIS ESTATE.—Under the statute of March 4, 1869, when the principal maker of a note dies, the note must be presented as a claim against his estate within two years after grant of administration, or the surety will be discharged.

2. INSOLVENCY OF ESTATE WILL NOT EXCUSE.—The fact that the estate of the principal is insolvent and nothing can be collected, will not excuse the administrator from a compliance with the statute. It is a right to which the surety is entitled.

3. CONSTRUCTION OF CONTRACT—LAW IN FORCE AT TIME OF ITS EXECUTION.—The statute in force at the time the note was executed, will govern in the construction to be given to the contract, and the rights of the surety under it.

4. SUBSEQUENT REPEALING STATUTE.—The provision requiring the note to be presented against the estate of the principal maker within two years, is a right accrued to the surety under the statute of 1869, and is not affected by the repealing statute of 1874.

5. NEW PROMISE BY SURETY.—Where a surety is discharged from liability by reason of a failure to present the note against the estate of the principal maker within two years after administration, a mere naked promise by the surety, without knowledge of such failure, to pay, will not revive such liability.

6. SURETY NOT CHARGEABLE WITH NOTICE OF LACHES OF ADMINSTRA-TOR.—The surety is not bound to know that the claim had or had not been presented against the estate of his principal for allowance, and if his promise was made in ignorance of that fact, and without a new consideration, he is not bound.

7. PLEA MUST ANSWER ALL IT PROFESSES TO ANSWER.—A plea purporting to answer the whole declaration, and which answers only a part, is obnoxious to a demurrer.

8. CARRYING DEMURRER BACK.—Where defendant's second plea was bad, a demurrer by defendant to plaintiff's replications should be carried back to the defective plea.

APPEAL from the County Court of Madison county; the Hon. WILLIAM WALKER, Judge, presiding. Opinion filed April 14, 1882.

Mr. HENRY C. GOODNOW, for appellants; that a plea pur-

porting to answer the whole declaration, which answers only a part, is defective, cited Goodrich v. Reynolds, 31 Ill. 490.

The statute of 1874 repeals the act of 1869 relating to sureties: Rev. Stat. 1877, 993.

The act releasing sureties is in the nature of a penalty, and gives no vested rights: Parmlee v. Lawrence, 48 Ill. 331; Cooley on Constitutional Limitations, 383.

Mr. T. E. MERRITT, for appellee; that a failure to present the note as a claim against the estate of the principal maker, as required by statute, releases the surety, cited Laws 1869, 305; House v. Trustees, 83 Ill. 368.

The statute forms a part of the contract on which the surety may rely: Villars v. Palmer, 67 Ill. 204.

The repealing statute of 1874 did not affect rights accrued under the former statute: Garrison v. The People, 87 Ill. 97.

The new promise set up in the replication must be founded upon a good consideration: Beatty v. Nickerson, 73 Ill. 605.

CASEY, P. J. This was an action of assumpsit, instituted by appellants against appellee in the County Court of Marion county, to recover on a promissory note dated the 22d day of April, A. D. 1872, signed by appellee and one John S. Carrigan, now deceased, and payable to Nathaniel Plummer, now deceased.

The declaration contained a special count in the note, and common counts for money loaned, money had and received, money laid out and expended, goods, wares and merchandise sold, and account stated, etc.

The defendant pleaded first the general issue, upon which issue was joined. "For a further plea in this behalf, defendant says *actio non*, because he says that in making the said note mentioned in the declaration, John S. Carrigan was the principal debtor, and defendant security for said principal debtor, which was on the 27th day of April, 1872, due and payable twelve months after date. After the note became due, and on or about the 23d day of August, 1873, the said John S. Carrigan died intestate; and on the 4th day of October, 1873, letters of administration upon the estate were issued to Mary E. Carri-

gan, who on that day qualified as such administratrix. The plaintiffs, well knowing all this, did not, within two years after granting letters of administration, present the note to either of them against the estate of the principal maker for allowance, but failed and neglected so to do, in fact, never presented said note; whereupon, by reason of the premises, and by virtue of the statute in such cases made, the plaintiffs are barred from recovering the same of defendant, and this he is ready to verify; wherefore, etc."

To this plea the plaintiffs replied:

First. "That the said supposed estate of said John S. Carrigan, in said plea mentioned, was wholly insolvent, and that no part of the said note in the said declaration and plea mentioned could have been made out of said estate, had said note been presented against said estate of said John S. Carrigan, within two years from the granting of letters of administration on said estate; and that the whole of said note remains unpaid since the said estate has been fully administered upon.

Second. "That after the granting of letters of administration on the estate of John S. Carrigan, and after administering on said estate, to wit: On the 1st day of November, 1879, as aforesaid, defendant promised the plaintiff to pay them the amount of said note in the declaration and plea mentioned."

Defendant interposed a general demurrer to the 1st and 2d replications, which the court sustained, and plaintiffs elected to stand by their replications. Judgment was rendered against the plaintiffs for costs, and the case is brought to this court by appeal.

The errors assigned are that the court erred in sustaining the demurrer to the replications, and in not carrying back the demurrer and sustaining the same to the second plea. The statute of March 4th, 1869, provides that " Whenever a principal maker of a joint note shall depart this life, it shall be the duty of the payee or assignee thereof to present the same against the estate of decedent for allowance to the proper court, within two years after the granting of letters testamentary or of administration on his or her estate; and if said payee or assignee shall fail or neglect so to do, the surety or sureties in such note shall be released from the payment thereof."

This statute was in force at the time of the execution and maturity of the note sued on. It is immaterial under that statute whether the estate was solvent or insolvent, the creditor, if he desired to continue the liability of the surety, was required to "present the note against the estate of the decedent for allowance within two years, etc." If he failed to do so, the surety was released.

The statute of July 1st, 1874, is a substitute for that of 1869 above referred to, and provides in substance, that if the creditor fails to present the note for allowance within the two years from the grant of administration, the sureties shall be released from the payment of said note, to the extent that the same might have been collected from the estate in case the same had been presented in proper time. The surety in this note had a right to rely upon the statute of 1869—it then being in force as we have seen—as a part of the contract, and so the Supreme Court has held in House v. Trustees of Schools, 83 Ill. 371. That the note should have been presented against the estate of the principal maker of the note within the two years, was a "right accrued" under the statute of 1869, and is not affected by the repealing statute of 1874; on the contrary, it is expressly saved to the defendant. Sec. 4, Page 1,254, Underwood's Statute, 1878. Therefore, we hold that the first replication was defective; the second replication is in substance that the defendant after administration of the estate of John S. Carrigan, to wit, on the 1st day of November, 1879, promised the plaintiff to pay them the amount due on said note.

We have already said that a failure on the part of the plaintiffs to comply with the provisions of the statute of 1869, resulted in the discharge of the surety from all liability on the note. Neither can the statute of 1869 be regarded as a mere statute of limitations. House v. Trustees of Schools, *supra*. And now the only question is whether the liability of the defendant was avoided by the naked promise as averred in the second replication. The general doctrine is that where a surety is discharged from liability by reason of a valid contract for delay entered into without his knowledge or consent

between the creditor and his principal, his subsequent promise to pay the debt, if made without knowledge of the extension and without any new consideration, will not bind him or revive his liability.

In the case now before us, the defendant is no more chargeable with notice of the fact that the claim had or had not been presented against the estate of his principal for allowance, than he would be chargeable with notice of an extension of the time of payment to his principal upon a valid contract, so that if the promise was made in ignorance of the fact that the claim had not been presented against the estate of his principal within two years from the time of taking out letters of administration, and without any new consideration, it would not be binding, and his liability on the note would not thereby be revived.

The replication does not show that the promise was made with a knowledge of the facts or that there was any new consideration for said promise. Merrimack Co. Bank v. Brown, 12 N. H. 320; Montgomery v. Hamilton, 43 Ind. 451; Rittenhouse v. Kemp, 37 Ind. 258; Rindskopf v. Dorman, 28 Ohio, 516; Baylies on Sureties, 291.

If the liability of the plaintiff had ceased because the statute of limitation had run, and afterward the plaintiff had made the promise, perhaps the rule would be different, because the plaintiff in that case would know the length of time that had elapsed since he entered into the contract, and is presumed to know if he could interpose the statute of limitation as a bar to a recovery upon the note.

The law would presume that he knowingly made the promise *ignorantia legis non excusat*. It is claimed by appellants that the special plea of defendant was bad, and the court erred in not carrying back the demurrer to the replication and sustaining it to the plea. If the plea is not good, then the demurrer should have been sustained to it, as it reaches any defect apparent in the pleadings without going back of an issue of fact. Illinois Fire Ins. Co. v. Stanton, 57 Ill. 354; Mt. Carbon, C. R. R. Co. v. Andrews, 53 Ill. 176.

Was the plea obnoxious to a demurrer?

The declaration contains a count on the note, and the common money counts. The plea purports to answer the whole declaration, and in fact, answers only the count on the note. In Goodrich v. Reynolds, Welden & Co. 31 Ill. 495, the Supreme Court says: It is a rule in pleading, universally recognized, that a plea must answer all that it professes to answer. If it purports to answer the whole declaration, and answers but a part, it is obnoxious to a demurrer. Snyder v. Gaither et al. 3 Scam. 91; 1 Chitty's Pleading, 535.

The declaration shows that the note was made payable to Nathaniel Plummer, since deceased, and so the note appears on its face. There is no averment in the plea, that Nathaniel Plummer in his life-time, nor any one for him, did not present the note in question for allowance against the estate of John S. Carrigan, deceased.

The averment in the plea is, that the plaintiffs did not present the note, etc. This was not sufficient. The plea was undoubtedly bad, and the demurrer should have been sustained to it. For these reasons the judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.