## Louisville, New Albany and Chicago Railway Co.

*v.*

## Jennie E. Carson, Exrx. *et al.*

*Opinion filed November 8, 1897.*

| 169 | 247 |
| 72a | 384 |
| 169 | 247 |
| 83a | 339 |
| 169 | 247 |
| 182 | 430 |
| 169 | 247 |
| 184 | 424 |
| 169 | 247 |
| 189 | [1]444 |
| 169 | 247 |
| 193 | [1]263 |
| 169 | 247 |
| 102a | [1]313 |
| 169 | 247 |
| 200 | [1]338 |
| 169 | 247 |
| 115a | [4]405 |

1. Res judicata—*judgment for rent, establishing validity of lease, is conclusive in suit for subsequent installment.* A judgment in favor of the plaintiff for installments of rent, which was affirmed on appeal and which established the validity of the lease under which the installments accrued, is conclusive, in a suit between the same parties for subsequent installments, as to all questions concerning the validity of the lease which were or might have been raised and determined under the issues in the former suit.

2. Evidence—*evidence concerning matters already adjudicated may be excluded.* In an action to recover installments of rent due under a lease, evidence concerning matters which were put in issue by the pleadings in a former suit between the same parties upon the same lease, and which were therein decided, may be excluded.

3. Pleading—*when plea is demurrable for duplicity.* A plea setting up two distinct matters, either of which would bar the action and each requiring a separate answer, is demurrable for duplicity.

4. Same—*demurrer reaches back to first error in the pleadings.* Upon demurrer the court will give judgment against the party whose pleading was first defective in substance, notwithstanding the defect in the pleading demurred to.

*L., N. A. & C. Ry. Co.* v. *Carson*, 66 Ill. App. 262, affirmed.

Appeal from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. Thomas G. Windes, Judge, presiding.

This is an action upon a lease, dated April 25, 1887, executed by John B. Carson and Andrew J. Cooper, leasing certain premises in Chicago to the appellant for five years from May 1, 1887, at a total rental of $35,000.00 for the five years, to be paid in monthly installments of $583.33, on the first day of each month in advance. The present suit is to recover for the rent due for the fourteen months from March 1, 1891, to April 30, 1892, inclusive. The declaration avers, that Cooper conveyed his interest

in the premises to Higgins and Furber; and that there-
after the deaths of Carson and Higgins were suggested
of record, and their representatives were substituted as
plaintiffs.    A plea of the general issue verified was filed.
Certain special pleas and additional special pleas were
filed by the appellant here, the defendant below.    To
some of these pleas replications were filed making issues
of fact upon the averments of the pleas.    In addition
to these replications, an additional replication was·filed,
setting up a former suit by the plaintiffs upon the same
lease, to recover for the installments of rent accruing
from May 1, 1890, to February 28, 1891, inclusive; also
setting up, that, in said former suit, certain special pleas
were filed by appellant, and replications thereto were
filed by appellee; and further averring, that, upon the
trial of the said former cause upon the issues thus made
upon the pleas and replications therein, judgment was
rendered in favor of plaintiffs against defendant for said
rent and interest, accruing under said lease from May 1,
1890, to February 28, 1891; and that an appeal was pros-
ecuted from the judgment rendered in said cause to the
Appellate Court, where said judgment was affirmed; and
that, upon appeal to the Supreme Court, said judgment
of the Appellate Court was also affirmed.    The additional
replication then avers, that said former judgment is con-
clusive of all matters of law and fact therein adjudicated;
that said former action was upon the same lease, upon
which the present suit is brought; that the questions as
to the execution of the lease by appellant and its ratifi-
cation, and all questions as to its being a binding lease,
were involved in said former cause, and were determined
therein upon issues there made; and that the defendant
is estopped in this action from disputing the execution
and validity of said lease, and from disputing the right
of the plaintiffs to recover the rent sued for for any rea-
son based upon the invalidity of said lease.    The appel-
lant demurred to said additional replication.    The court

overruled said demurrer, and the defendant below elected to stand by its said demurrer.   Thereupon a jury was waived, and a trial was had before the court without a jury.   The finding of the court was in favor of the plaintiffs below, and judgment was rendered against the appellant for the sum of $10,004.60.   An appeal was taken from the judgment so rendered to the Appellate Court, which has affirmed the judgment rendered by the trial court.   The present appeal is prosecuted from such judgment of affirmance.

G. W. Kretzinger, for appellant.

Milton Higgins, for appellees.

Mr. Justice Magruder delivered the opinion of the court:

The present suit is brought to recover rent for the period from March 1, 1891, to May 1, 1892, upon the same lease, which is described in *Louisville, New Albany and Chicago Railway Co.* v. *Carson,* 151 Ill. 444.   The former suit, which was disposed of by the case referred to, was brought for the installments of rent upon said lease for the period from May 1, 1890, to March 1, 1891.   The additional replication, filed in the present case, sets up the verdict and judgment in the former case as an estoppel or bar to the prosecution of the present suit, so far as the validity of the lease is concerned.   The present suit is brought upon the same lease, upon which the former suit was brought, but seeks to recover different installments of rent.

Appellant claims, that its demurrer to the additional replication should have been sustained upon the ground, that the bar or estoppel therein set up was for a different cause of action from that involved in the present suit. It is contended upon the part of the appellant, that, because the present suit is not brought to recover the same installments of rent which the former suit was brought to recover, it is based upon a different cause of action, and

that, therefore, the appellees have no right to plead the former suit and verdict and judgment in estoppel.

Among the propositions, submitted by the appellant to the trial court to be held as law, was the following: "The doctrine of *res judicata* cannot be invoked against the defendant in this suit, because the issues are not the same as in the former suit. This suit is for the rent due and owing from March 1, 1891, to May 1, 1892; hence a recovery for rent prior to that time cannot be set up as a former adjudication in this action for rent subsequently due." This proposition was refused by the trial court, and its refusal is assigned as error by the appellant. There was no error in such refusal. Not only was the former suit brought upon the same lease, upon which the present suit is brought, but the present suit is between the same parties, who were parties to the former suit. In the former suit, the question of the validity of the lease here sued upon was involved. In that suit it was contended that Carson, the vice-president and general manager of appellant, signed the lease without the knowledge, consent or approval of the board of directors of appellant; that his execution of the lease was never ratified and confirmed by the appellant, or its board of directors; that, when Carson signed the lease for appellant, he was himself the owner of two-thirds of the demised premises; that the leasing by the manager of the company of his own property to the company which he represented made the lease void and of no effect; that the execution of the lease under those circumstances was against public policy; and that, on May 1, 1890, the appellant vacated the premises and delivered up the possession thereof to the plaintiffs, who have since held possession. These contentions were embodied in appellant's pleas in the former suit, and were denied by the replications filed by appellees in that suit. Thus, an issue was therein formed upon them; and that issue was decided against appellant. So far, therefore, as these questions are concerned, the former decision of

them is *res judicata* as against the appellant. The fact, that this suit is for different and later installments of rent on the same lease, in no way affects the right of appellees to plead the former judgment and suit in estoppel of appellant's right to question the validity of the lease.

It is not always true, that an adjudication in a former suit cannot be made available as an estoppel, unless it appears that the thing sought to be recovered and the cause of action in both suits are the same. Where the second action is upon the same claim or demand as the first, the judgment in the former suit, if rendered upon the merits, is an absolute bar or estoppel to the subsequent action, and, as to the claim in controversy, concludes both parties and privies, not only as to every ground of recovery or defense actually presented in the action, but also as to every ground which might have been presented. But where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue, or points controverted, upon the determination of which the finding or verdict was rendered. (*Cromwell* v. *County of Sac*, 94 U. S. 351; *Riverside Co.* v. *Townshend*, 120 Ill. 9). In other words, where the former adjudication is relied on as an answer and bar to the whole cause of action, then it must appear that the cause of action and thing sought to be recovered are the same in both suits, but "where some specific fact or question has been adjudicated and determined in a former suit, and the same fact or question is again put in issue in a subsequent suit between the same parties, its determination in the former suit, if properly presented and relied on, will be held conclusive upon the parties in the latter suit, without regard to whether the cause of action is the same in both suits or not." (*Hanna* v. *Read*, 102 Ill. 596; *Wright* v. *Griffey*, 147 id. 496). In *Hanna* v. *Read*, *supra*, one Read, living in Indiana, made a deed of lands owned by him in Indiana to his wife; he also at the same time made a deed,

conveying certain lands owned by him in Illinois to one Hickox, who at once conveyed them to his wife; after his .death, a bill was filed in Indiana to set aside the deed of the Indiana lands to his wife, on the ground that he was insane at the time of making the deed; a decree was rendered by the court in Indiana, setting the deed aside on the ground of his insanity; subsequently, the same parties filed a bill in Illinois to set aside the deed of the Illinois lands to Hickox, and the deed from Hickox to Mrs. Read; the transcript of the record in the Indiana suit was introduced in evidence in the Illinois suit; in the latter suit, the land was different from the land, which had been involved in the Indiana suit, and the parties were to some extent different, because Hickox was a defendant in the Illinois suit, but had not been a defendant in the Indiana suit; yet we held, that the Indiana decree was conclusive evidence in the Illinois suit upon the question of Read's insanity; and that the decree of the Indiana suit being properly pleaded and relied upon, was conclusive upon the defendants in the Illinois suit as to the fact of insanity.

In *Gardner* v. *Buckbee*, 3 Cow. 120, two notes had been given upon the sale of a vessel; in a suit upon one of the notes, the defense was set up, that the sale was fraudulent; the vessel being at the time unseaworthy; and a verdict and judgment were rendered in favor of such defense; in a suit upon the other note between the same parties, the verdict and judgment in the former suit were held to be conclusive upon the question of the character of the sale. In the latter case it was said: "The judgment of a court of concurrent jurisdiction directly upon the point, is as a plea, a bar, or as evidence, conclusive between the same parties upon the same matter directly in question in another court."

Upon looking into the pleas and replications in the present suit, and the pleas and replications in the former suit, we find that the validity of the lease here sued upon

was directly in issue in the former suit, and was decided by the court in the former suit in favor of the present appellees. This being the case, the estoppel, here set up in the additional replication of appellees, is well pleaded. (*Wright* v. *Griffey, supra; Gray* v. *Pingry*, 17 Vt. 419; *Edgell* v. *Sigerson*, 26 Mo. 583; *Felton* v. *Smith*, 88 Ind. 149; *Cleveland* v. *Creviston*, 93 id. 31; *Outram* v. *Morewood*, 3 East, 346; *Eastman* v. *Cooper*, 15 Pick. 276).

In *Edgell* v. *Sigerson, supra,* in a suit for the recovery of installments of interest, alleged to be due upon a promissory note, where the maker set up that the note had been fraudulently altered, so as to make the interest payable from date, the plaintiff recovered judgment; and it was held, that such judgment was conclusive as against the maker upon the question of the fraudulent alteration in a subsequent suit on the note itself. In *Cleveland* v. *Creviston, supra,* it was held that, where several notes are given for different installments under such circumstances, that a defense good as to one of them is necessarily good as to the others, a judgment for defendant in a suit upon one, sustaining that defense, is an estoppel as to the others.

The present suit being upon different installments of rent from those upon which the former suit was brought, any defense to the lease, accruing subsequently to the date of the former suit, such as payment, or surrender, or cancellation, or release, or waiver of payment of the rent sought to be recovered here, could be set up in this suit against a recovery here by the appellees. But no such defense has been pleaded; on the contrary, the defendant seeks to show, that the installments of rent now sued for are not due, upon the alleged ground that the lease is invalid. The invalidity of the lease, however, was passed upon and decided adversely to the appellant in the former suit. It is, therefore, estopped from setting up such invalidity in the present suit.

It is also claimed, that the trial court erred in refusing to allow the appellant to introduce certain evidence

offered by it.    There was no error in this refusal.    The
offer, made by counsel to prove, that, in March or April,
1890, a new board of directors of the appellant company
repudiated the lease as made by Carson, its vice-president
and manager, and directed their president to rent new
offices, and vacated the premises on April 30, 1890, was an
offer of proof upon the same issue, namely, the question
of ratification, which was made by the pleadings in the
former suit, and settled by the decision in that suit.

Some formal and technical objections are made to the
additional replication filed by the appellees.    It is said,
that the replication is bad because it purports to answer
the whole of the pleas, but in fact only answers a part.
It is sufficient that the additional replication avers, "that
the defendant is estopped in this action from disputing
the execution and validity of said lease, as well as dis-
puting all right of the plaintiffs to recover the rent sued
for in this action by reason of the invalidity of said lease."
The estoppel thus pleaded relates solely to the question
of the validity of the lease, as determined in the former
suit, and not to any defense that might exist outside of
the validity so already adjudicated upon.    As to the other
replications of the appellees, which did not set up the
estoppel relied upon in the additional replication, issues
of fact were formed thereby, but upon these issues appel-
lant introduced no testimony.

A special count in the declaration in the present suit
avers, that Carson executed the lease under the authority
of the board of directors of the appellant, and that the
execution of the same was duly ratified.    Inasmuch as
the appellant has here filed the plea of the general issue
verified, and inasmuch as in the former suit the plea of
the general issue was not verified, it is claimed by the
appellant, that the question, now presented by plea, has
never been decided between the parties, and that, there-
fore, there is no estoppel.    But, in the former suit, the
questions as to the authority of Carson to sign the lease,

and as to the ratification of the lease after it was signed, were put in issue, and passed upon, and decided, although such a course may not have been necessary in view of the fact, that the plea of the general issue was not verified. In other words, in the former suit, the appellees made no point to the effect, that they were not bound to prove authority and ratification by reason of the non-verification of the plea of general issue, but proceeded to so prove, notwithstanding such non-verification.   Hence, the contention of appellant in this regard is without force.

Appellant filed a plea setting up two facts, first, that it was not in the possession of the premises, and, second, that the plaintiffs had no title thereto.   It also filed another plea, setting up two facts, first, that the building rented was not a fire-proof building, and, second, that Carson, who executed the lease, represented both sides of the transaction.   These pleas were bad as not being single, and had the fault of duplicity.   A plea is demurrable for duplicity, if it contains two distinct matters, either of which would bar the action, and each of which requires a separate answer.   (Chitty's Pl. pp. 532, 226).   Even, therefore, if the additional replication was defective as a reply to these pleas, the demurrer to such additional replication would be carried back to the pleas.   It is an established rule, that, upon the argument of the demurrer, the court will, notwithstanding the defect of the pleading demurred to, give judgment against the party, whose pleading was first defective in substance.   The demurrer reaches back to the first error in the pleadings.   The consequences of a defective plea will rest upon the party committing the first error.   The appellant cannot complain, that the defective replication was allowed to stand to a defective plea.   (1 Chitty's Pl. p. 668; *Illinois Fire Ins. Co.* v. *Stanton*, 57 Ill. 354; *Mt. Carbon Coal and Railroad Co.* v. *Andrews*, 53 id. 176; *Tipton* v. *Carrigan*, 10 Ill. App. 318).

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*