# Peoria Star Company v. The Steve W. Floyd Special Agency.

## Gen. No. 4,404.

1. DEMURRER—*when order of election to stand by. essential.* It is essential that an order of election to stand by a demurrer be entered, if the overruling of such demurrer is to be relied upon as error, where to complete the issue as tendered only a similiter would have been necessary and where the parties seeking to urge such alleged error offered evidence and made objections which were irrelevant except upon the theory that the issue was deemed to have been formed.

2. VIDELICET—*effect of averment under.* Where a date is averred under a *videlicet,* it is not essential that proof of the particular date so alleged be made.

3. FOREIGN CORPORATION—*what pleas setting up illegality of maintenance of suits in this state should aver.* Such a plea, to raise the question that such a corporation had not complied with the state regulations at the time it entered into the contract in suit, should set up such fact specifically, and affirmatively aver that the corporation in question did do business in this state.

4. REPLICATION—*when defendant cannot complain of defective.* A defendant cannot complain of the overruling of a demurrer to a defective replication where the plea to which it was interposed was itself defective.

Action of assumpsit. Appeal from the Circuit Court of Peoria County; the Hon. NICHOLAS E. WORTHINGTON, Judge, presiding. Heard in this court at the April term, 1904. Affirmed. Opinion filed August 24, 1904.

ARTHUR KEITHLEY, for appellant.

CROWDER & BARRETT, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

Under date of March 1, 1901, the Peoria Star Company, publisher of a newspaper in Peoria, entered into a contract with The Steve W. Floyd Special Agency, adjusting certain matters under previous contracts between them, and providing that for one year the Floyd Agency would maintain an office in New York and Chicago at its own expense and use all diligent efforts to obtain advertising from

402    Appellate Courts of Illinois.

Vol. 115.] Peoria Star Co. v. Steve W. Floyd Special Agency.

foreign advertisers for the Star Company, and that the Star Company would pay the Floyd Agency $100 per month for its services in the foreign advertising field, and if the Star Company's books showed that on March 1, 1902, there had been received $10,000 net in advertising contracts, then the Floyd Agency was to receive an additional payment of $600. The Floyd Agency sued the Star Company for a failure to make payments required by this contract, and recovered a verdict and a judgment for $764, which was made up of the sum of $100 per month for each of the last seven months of the contract year, and interest thereon. This is an appeal by the Star Company from said judgment.

The main defense relied upon in this court is that plaintiff was a foreign corporation doing business in this state without having complied with our statute relative to such corporations, and therefore under the provisions of that statute it cannot maintain this suit. It is necessary to know whether this question is presented by the pleadings. The declaration contains the common counts and several special counts upon said contract. Defendant's first plea was *non assumpsit*, and its second *nul tiel corporation*. Issue was joined on these pleas after a demurrer was overruled to the second. The third plea set up that plaintiff had but one cause of action against defendant, and that arose under a contract entered into by the parties on March 1, 1901, " by the terms of which, among other things, plaintiff agreed to maintain an office in the city of Chicago, Illinois, and there to use all diligent efforts to obtain advertising for the said Peoria Star Company and to collect in said City of Chicago for advertising theretofore done by the plaintiff for the defendant." The plea then averred plaintiff was not then an Illinois corporation, but then was and still is a foreign corporation, organized under the laws of New Jersey, " and that said plaintiff did not before said contract was entered into or at any time afterwards file a copy of its charter with the Secretary of State of the State of Illinois, and did not receive from said

Secretary of State a certificate authorizing plaintiff to do business in the State of Illinois." Then the plea averred that all acts by plaintiff under said contract, and for the price of which it seeks to recover in this case, were and are illegal and void. Plaintiff replied to the third plea, " that the plaintiff did on, to wit, the 10th day of January, 1903, file a copy of its charter with the Secretary of State of the State of Illinois, and did receive a certificate from said Secretary of State authorizing it to do business in the State of Illinois on, to wit, the 12th day of January, 1903." Defendant demurred to that replication, and the court overruled the demurrer. The abstract states that defendant stood by its demurrer to the replication to the third plea. The record does not warrant that statement. No order appears showing defendant elected to abide by its demurrer. The replication to the third plea tendered an issue to the country, so that only a similiter was required to complete the formal issue on that replication, and that was waived by going to trial without further action. Defendant offered evidence and made objections at the trial which would have been entirely irrelevant to anything in the case if the trial was not upon the replication to the third plea. It is entirely clear to us that both parties understood they were trying the case upon the three pleas and the replications thereto. B. S. Green Co. v. Blodgett, 159 Ill. 169, is in point that by the course here pursued the ruling on the issue of law made by the demurrer was waived. The proof showed that on January 12, 1903, plaintiff applied for and received from the Secretary of State of Illinois a certificate that it was entitled to all the rights and privileges granted to foreign corporations under the laws of the State of Illinois. That proved plaintiff's case on the replication to the third plea, and disposed of the only issue raised upon the pleadings as to plaintiff's authority to sue.

But suppose defendant had elected to abide by its demurrer to the replication to the third plea. Defendant argues that that replication was bad because it only averred

404    APPELLATE COURTS OF ILLINOIS.

VOL. 115.] Peoria Star Co. v. Steve W. Floyd Special Agency.

compliance by plaintiff with the statute in question after
the expiration of the period of time covered by the con-
tract upon which this suit is brought; and defendant
argues that to be a good reply to the third plea it should
have averred such compliance by plaintiff with the statute
before or during the term of the contract. The dates in
the replication were laid under a *videlicet*, and plaintiff
was not bound to prove the dates alleged but could have
proved any other date, and could have proved a date prior
to the contract here in suit. The replication therefore
was not obnoxious to the demurrer. If defendant had de-
sired to raise the question it now argues, it should have
rejoined that said certificate was not issued to plaintiff
before the making of the contract sued upon or during the
period of time covered thereby. But if the *videlicet* were
omitted or disregarded, still the demurrer to said replica-
tion was properly overruled for another reason. The third
plea averred, as above quoted, that "plaintiff did not before
said contract was entered into *or at any time afterwards*"
comply with said statute. This plea conceded plaintiff's
position, which is that a foreign corporation, which has
entered into a contract without complying with our statute,
may maintain an action thereon after a subsequent com-
pliance with the statute; and the plea therefore presented
the issue that plaintiff had *never* complied with the statute.
Omitting the *videlicet* preceding the dates in the replica-
tion, it still answers the issue which the third plea ten-
dered. Defendant cannot be heard to say the issue ten-
dered by the replication is too broad when it is no broader
than the issue tendered by the plea, but merely answers
what the plea asserts. Still further, the third plea is bad.
It does not aver that plaintiff did any business in the State
of Illinois. It averred that plaintiff by the contract,
" *among other things*," agreed to maintain an office in
Chicago, etc. For all that appears in this plea, plaintiff
may never have maintained an office in Chicago or done
any act whatever in Illinois, and this suit may relate en-
tirely to the " other things " omitted from the plea. There-

fore, if the demurrer should have been sustained to the replication, it should also have been carried back to the third plea, and sustained thereto. Defendant cannot complain that a defective replication was allowed to stand to a defective plea. L., N. A. & C. Ry. Co. v. Carson, 169 Ill. 247. That course would have carried out of the case the only plea by which defendant seeks to question plaintiff's right to sue in the courts of this state. It follows that there is no pleading in this case which raises that question for our decision.

Defendant says but little against the merits of plaintiff's case. After plaintiff had worked effectively under this contract for about six weeks defendant disposed of its foreign advertising business to N. M. Sheffield of New York City, for five years from May 1, 1901, thus breaking its contract with plaintiff. It wrote plaintiff of this contract, and said Sheffield would call on plaintiff and directed plaintiff to act under Sheffield, and said defendant would pay the monthly salary as before. Defendant's cashier testified that Floyd, president of plaintiff, told him in October that Sheffield was a competitor of his, and it was absolutely impossible for him to work with Sheffield and he could not and would not do it. Floyd denied having told the cashier that he would not work with Sheffield. He testified that Sheffield did not call as defendant had written he would; that after waiting several weeks he called on Sheffield, and Sheffield said he needed no assistance from Floyd, that he had a five-year contract and would handle the matter entirely by himself and without any assistance from Floyd. Plaintiff thereafter did what it could to get business for defendant, but manifestly could make but little headway with an active competitor in the field. When it did forward to defendant an order for advertising, defendant sent it to Sheffield, and Sheffield returned it to plaintiff, declining the business. Defendant paid plaintiff for the first five months of the year, and this judgment is for the salary for the rest of the year with interest thereon. We have no doubt it is just.

The judgment is affirmed.                        *Affirmed.*